**PERHATS ASSOCIATES, INC., et al., Plaintiff,**

v.

**FASCO INDUSTRIES, INC., et al., Defendants.**

**No. 94 C 684.**

United States District Court, N.D. Illinois, E.D.

Feb. 7, 1994.

---

Margaret Borcia, of Morrison & Morrison, Waukegan, IL, for plaintiff.

Stephen J. Landes, David I. Herbst, Catherine A. Simmons of Holleb & Coff, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Codefendants Fasco Industries, Inc. ("Fasco") and von Weise Gear Company ("von Weise") have filed a Notice of Removal (the "Notice") of this diversity-of-citizenship action from the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois. This is the second Fasco-von Weise attempt at removal—on the first go-around this Court was compelled to remand the case sua sponte on October 19, 1992 because of a then-existing subject matter jurisdictional problem: the absence of a factual showing by Fasco and von Weise of the requisite more-than-$50,000 amount in controversy as to any of the 16 plaintiffs. Now Fasco and von Weise have set out the recently-derived information that, they contend in Notice ¶¶ 14 and 15 (together with accompanying Exhibits H, I & J), has first established the monetary predicate for federal jurisdiction.

All of plaintiffs' claims as stated in their Complaint are unliquidated in amount, with no indication there as to how much any plaintiff is actually claiming (that was the problem that forced the original remand). Once the case was returned to the Circuit Court, Fasco and von Weise therefore served early interrogatories in an effort to ascertain the scope of plaintiffs' money claims. Whether in an effort to avoid removal or otherwise, plaintiffs continued to delay the disclosure of both (1) the identity of their expert witnesses (stating that the witnesses had not yet been selected) and (2) thus necessarily the opinions of any such witnesses.[1] Finally on January 10, 1994 plaintiffs did disclose the identity of their damages expert, coupled with a disclosure of his methodology for calculating damages (Notice Ex. H). Notice Exs. I and J then set out the Fasco-von Weise calculation of each plaintiff's claim based on that methodology—and in every instance the claim far exceeds the $50,000 threshold.[2]

Under the 1988 enactment of the Judicial Improvements and Access to Justice Act, the removal provisions of 28 U.S.C. § 1446(b)[3] were modified to deal in this fashion with the situation in which the potential for removal becomes apparent only at some time *after* a lawsuit is first filed in the state court:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Fasco and von Weise have plainly met the 30–day test by acting just 23 days after the basis for plaintiffs' claims was first quantified for them—but they are foreclosed from the current removal by the same provision's unequivocal prohibition on removal more than

---

1. Although the state trial judge had originally set a June 1, 1993 outside date for such disclosures, plaintiffs moved for and obtained two successive extensions of that deadline (Notice ¶¶ 11–12 and Exs. E and F).

2. That statement should be qualified a bit. This Court's threshold look at the Complaint has revealed no apparent basis for suit by any of the *individual* plaintiffs except for Jerry Singer—all of the other individual plaintiffs were only officers of their respective corporations that had entered into sales agreements with von Weise. But if that is in fact the case, it would not taint the removal. Instead it would simply result in the dismissal of the claims asserted by those individual plaintiffs.

3. All further references to Title 28's provisions will simply take the form "Section—."

one year after the action was first brought on September 3, 1992.

It is quite true that Congress' no-exceptions enactment of that one-year time bar may lend itself to stonewalling or other delaying tactics by a plaintiff or plaintiffs who are bound and determined to stay clear of what they may view as the clutches of a federal court. But the statutory language is crystal-clear, and federal judges do not sit as superlegislators to amend or repeal the work of Congress.

Professor David Siegel's commentary on the 1988 revision, which is reproduced at pages 3 and 4 of the 1993 pocket part to the United States Code Annotated volume containing Sections 1446 to 1650, contains an enlightening and useful discussion of the one-year time bar provision. In doing so, Professor Siegel specifically identifies the prospect of mandatory dismissals such as the one compelled here. In relevant part the Professor makes the point that Congress fully realized the risks built into such an unconditional time limitation but chose to enact the legislation in the current form anyway:

> The amendment puts a one-year cap on removal if the purported basis for the federal jurisdiction is the diversity of citizenship of the parties.
>
> \*   \*   \*   \*   \*   \*
>
> The result in a given case is made to depend on the procedural variations—and perhaps the procedural eccentricities—of the particular state's practice. The amendment may sometimes give too much control to the state court plaintiff who wants to resist a removal to the federal court at all costs.
>
> \*   \*   \*   \*   \*   \*
>
> The one-year cutoff therefore has an anti-diversity ring to it. Congress acknowledged this, but called it a "modest curtailment."

To be sure, the result dictated by Section 1446(b) is regrettable. It puts a premium on a party's ability to devise what may well be characterized as dubious litigation tactics. But it should also be pointed out that counsel for Fasco and von Weise had ample opportunity to exercise some ingenuity of their own to avoid the current outcome. Even if a better way to smoke out plaintiffs' position had not occurred to defense counsel on their own, as far back as May of last year this Court expressly identified the way to do so in its dissent in *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 376 (7th Cir.1993) (certain footnotes omitted)—indeed anticipating *exactly* the situation in which Fasco and von Weise found themselves in the Circuit Court: [4]

> Any defendant who has not received a demand from plaintiff before suit is filed and who is then confronted with the indefinite "more than $15,000" recital in a complaint such as Shaw's, and who is therefore unable to know whether plaintiff is really seeking more than $50,000 (so that the 30-day clock of Section 1446(b) has not begun to tick), need only direct a few well-chosen interrogatories to plaintiff as specifically authorized by the last sentence of Section 2–604 [735 ILCS 5/2–604]. For example:
>
> 1. State the amount of the damages actually being sought in this action.
>
> 2. State whether you are prepared to agree that the damage award will in no event exceed $50,000.
>
> If both of those answers reflect a commitment on plaintiff's part that no more than $50,000 is in controversy, it must follow under the teaching of *St. Paul Mercury Indemnity* [303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ] that defendant has no right to remove the case (and plaintiff and defendant are thus placed on an equal footing in federal jurisdictional terms, as must be the case). But if plaintiff is unwilling to commit to the limitation requested in the second interrogatory, defendant then knows that plaintiff has acknowledged that more than $50,000 may be in dispute. And if defendant has the kind of informa-

---

4. Although this Court parted company with the majority in *Shaw* on the outcome in that case, the majority opinion by Judge Cummings said this about what is about to be quoted in the text (994 F.2d at 367):

Judge Shadur's suggestion is eminently sensible and we recommend it to removal-minded defendants in Illinois.

tion to support a good faith belief to the same effect, defendant then has the full 30–day period within which to remove the case, for only then does the time clock begin to run under the express provisions of Section 1446(b):

[Quotation of the statutory language omitted].[8]

---

[8] No jeopardy is created for a defendant by that last clause's one-year limitation, which was added by the 1988 amendment to Section 1446(b). Defendant is free to transmit the appropriate interrogatories to plaintiff at the very outset of the case in the state court.

But that was not done in time here,[5] so that the one-year iron curtain clanged down, and the Fasco-von Weise Notice was therefore time-barred.[6]

Although the one-year outside limit is certainly stated as an absolute prohibition, Section 1446(b) does not expressly identify it either as a nonwaivable condition of removal or as a provision that is subject to possible waiver (as is the case with the 30–day requirement). Accordingly counsel for plaintiffs are ordered to file in this Court's chambers on or before February 17, 1994 a statement as to whether their clients are or are not objecting to the Notice on timeliness grounds. This Court will then proceed to act in accordance with that filing.

---

**5.** At some point the Fasco-von Weise counsel did serve a Request for Admissions asking plaintiffs to admit that their damages exceeded $50,000 (Notice ¶ 13), but each plaintiff responded on December 20, 1993—after the one-year bar date was already past—by hedging (Notice Ex. G).

**6.** Notice ¶ 17 points to the court's refusal in *Kite v. Richard Wolf Medical Instruments Corp.,* 761

F.Supp. 597 (S.D.Ind.1989) to apply Section 1446(b) as written. This Court makes no comment as to the exception judicially created in that case to the unambiguous statutory language under the circumstances posed there. But it will not "enact" any comparable special exception here.