Dannie L. KITE, Plaintiff,

v.

RICHARD WOLF MEDICAL INSTRUMENTS CORP. and Richard Wolf GmbH, Defendants.

No. EV 89–126–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Sept. 12, 1989.

Stuart N. Pearlman, Brian L. Carroll, Johnson, Carroll & Griffith, Evansville, Ind., Stuart N. Pearlman, Katzinski and Pearlman, Louisville, Ky., for plaintiff.

Robert H. Hahn, Kevin J. Messmer, Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., Gregory F. Hauser, Walter Conston Alexander & Green, New York City, for defendants.

## MEMORANDUM OF OPINION

BROOKS, Chief Judge.

### FACTS OF THE CASE

This action was commenced in the Circuit Court of Vanderburgh County, Indiana on November 20, 1984 by the filing of a Complaint. This original Complaint named Richard Wolf Medical Instruments Corporation as the sole defendant and was assigned docket Number 85 by the Court.

On December 17, 1984 defendant, Richard Wolf Medical Instruments Corp., filed a Petition for Removal to this Court asserting diversity jurisdiction. The case was removed and assigned Cause No. EV 84–331–C by this Court.

Subsequently, on May 20, 1986 the plaintiff filed his Motion to Amend Complaint and Join Additional Parties. That Motion was granted and the plaintiff added Welborn Memorial Baptist Hospital, Inc. (hereinafter "Hospital") as a defendant, the result of which destroyed diversity. Accordingly, the plaintiff also moved for the case to be remanded to the Vanderburgh Circuit Court, where the Complaint had been originally filed. This Court granted that Motion and remanded the case to the State Court where it was assigned a new docket number, 865. The remand occurred on September 11, 1986.

Then, on July 14, 1989, Hospital was dismissed without prejudice by joint stipulation entered into between the plaintiff and defendant Hospital. Defendant Wolf Medical Instruments Corp. again filed its Notice of Removal after the Hospital was dismissed. The case was removed and the plaintiff has filed a Motion to Remand, which is the subject of this Memorandum and Order.

### REMOVAL AND REMAND

28 U.S.C. § 1441 et seq. deals with both removals and remands. Subsections (a) and (b) of § 1441 read:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Section 1446 sets forth the procedure for removal. It reads, in relevant part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Remand of defectively removed cases is addressed in § 1447(c), which reads:

(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

It is upon the language "that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action ...", found in § 1446(b), that the plaintiff relies in support of his Motion to Remand.

The issue presented appears to be one of first impression. That question is: Does § 1446(b) prohibit removal[1] of a case that is more than one (1) year old wherein a defendant timely removed, only to have the plaintiff add a diversity-destroying defendant, then remand to the original State court and later settle as to the diversity-destroying defendant? It is the opinion of this Court that removal should be permitted in light of the facts herein.

On November 19, 1988 the Judicial Improvements and Access to Justice Act became law.[2] Among the changes that the Act brought to 28 U.S.C. was an amendment to § 1446. That amendment limits the availability of removal of diversity jurisdiction cases to one (1) year after the date the action is commenced in State court.

By incorporating the one (1) year limitation Congress is preventing potential manipulation and forum shopping by defendants who are either attempting to delay proceedings by removing at the last second prior to trial, although removal was available earlier, or attempting to find a more friendly forum after substantial progress has been made in the State forum.

APPLYING § 1446(b)

■ Although the amendment to § 1446(b) limiting removal of diversity actions to one year after commencement was not enacted until after this case was filed, the new limitation applies. Changes made to procedural requirements that are within Congressional control, such as removal, may be applied retroactively. *See Friel v. Cessna Aircraft Co.,* 751 F.2d 1037 (9th Cir.1985).

■ The clock on the one (1) year limitation found in § 1446 begins to run when a case is commenced. Commencement is determined by the law of the State in which the case was filed. *See Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala.1989). In Indiana the date that an action is considered commenced is when the complaint is filed and a summons has been issued. *See Jensen v. Fagen,* 138 Ind.App. 679, 199 N.E.2d 716 (1964) and *Flesch v. Circle City Excavating & Rental Corp.,* 137 Ind.App. 695, 210 N.E.2d 865 (1965). The parties are in agreement that more than one (1) year

---

**1.** Or require a remand to the State court, as is the issue sub judice.

**2.** As codified, this Act is found throughout 28 U.S.C.

has passed between the date this action was commenced and the date the defendant removed for the second time. Plaintiff contends that § 1446 should be applied so that no action more than one (1) year old may be removed. This Court is concerned that if it applies the rule in such a rigid manner it will be opening the door to potential abuse of the rule, the effect of which will be to undermine the very purpose behind federal diversity jurisdiction. Clearly, Congress intended to exclude certain diversity cases from being heard in federal court, but it is equally clear Congress did not intend to establish a rule which would allow plaintiffs to circumvent diversity jurisdiction altogether. To apply the rule in the mechanical manner advanced by the plaintiff would have the result of encouraging plaintiffs who do not want to be in a federal forum to add diversity-destroying defendants for the purpose of remaining in State court.

Herein, the defendant did remove within the one (1) year limitation found in § 1446. In fact, the defendant removed within one (1) month of commencement of this action. The plaintiff then waited six (6) months to amend his Complaint and add the diversity-destroying defendant. The case was remanded after that defendant was added on September 11, 1986. It wasn't until July 14, 1989 that the diversity-destroying defendant was dismissed by agreement between the plaintiff and defendant. Then, within one (1) month the defendant again sought removal. The defendant has been consistent in its desire to have this action heard in federal court. The defendant promptly sought removal on the only two occasions when federal jurisdiction existed. It was only due to the actions of the plaintiff that this case did not proceed in this Court.

Exceptions to the procedural requirements of diversity jurisdiction cases, similar to the one the Court is carving out today, have been recognized by other courts in cases that arose prior to the amendments brought about by the Judicial Improvements and Access to Justice Act.

It is generally accepted that diversity isn't destroyed by fraudulently joined defendants. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

██ Similarly, an exception to the rule requiring complete diversity at both the time an action was filed in State court and at the time removal was sought has been recognized in those cases where a defendant was named that prevented diversity from existing at the date of filing, but who was later dismissed.

> The purpose of requiring diversity to exist at both times apparently is to prevent a nondiverse defendant from acquiring a new domicile after commencement of the state suit and then removing on the basis of the newly created diversity of citizenship.

14A, Wright & Miller, Cooper, Federal Practice and Procedure, Removal from State Courts, § 3723, pp. 313–314.

The precedent in this area distinguishes between a plaintiff who voluntarily terminates his State court action against all nondiverse parties, and those situations where the plaintiff has no control over the dismissal.

> This danger is not present, however, when a nondiverse party simply is dropped from the case, because the defendant usually has no control over the elimination of parties. If the defendant were barred from removal in these circumstances, there is a danger that the plaintiff might join a nondiverse defendant merely to defeat jurisdiction, and then dismiss the suit as to that defendant. This would deprive the remaining defendant of the federal forum to which he may be entitled. Thus, an exception exists to the general practice for testing diversity of citizenship on the basis of the conditions both on the day of institution and the day of removal. Federal courts have held that when a party whose presence would defeat diversity is dropped from the state court action, the case becomes removable even though diversity did not exist when the state court action was commenced.

The same danger would be created if this Court were to accept the plaintiff's proposition that § 1446 must be applied mechanically. The fact is that the defendant herein first sought removal immediately after the suit was commenced and again removed immediately after the diversity-destroying defendant was dismissed. If the Court were to grant remands in cases such as this, the effect would be to encourage plaintiffs to manipulate the removal process and undermine Congressional intent to provide a federal forum to defendants who expediently seek removal to federal court in diversity jurisdiction cases. Accordingly, this Court recognizes an exception to the one (1) year requirement of § 1446(b) in cases where the defendant timely removes only to have a plaintiff later add a diversity-destroying defendant and then dismiss to that defendant more than one (1) year after the action was commenced. The plaintiff's Motion for Remand is DENIED.

IT IS SO ORDERED.