Harol BEISEL and Wilma Beisel, Plaintiffs,

v.

AID ASSOCIATION FOR LUTHERANS, Defendants.

And Related Cross–Actions.

No. SACV 93–1049–GLT.

United States District Court, C.D. California.

Feb. 9, 1994.

complaint was claiming not to have been properly served.

Richard L. Scott, Timothy P. Prince, Wilson, Borror, Dunn, Scott & Davis, San Bernardino, CA, for plaintiffs.

Radcliff, Rose & Frandsen, Richard P. Tricker, Los Angeles, CA, James E. Foden, a member of Pothier & Associates, Santa Ana, CA, for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND CERTIFYING ORDER FOR INTERLOCUTORY APPEAL

TAYLOR, District Judge.

This case presents a question of first impression in the Ninth Circuit concerning attempted removal after the one-year time limit of 28 U.S.C. § 1446(b). The court construes that time limit strictly, and GRANTS a remand motion based on untimely removal.

### I. *BACKGROUND*

Plaintiffs Harold and Wilma Beisel filed this action in July 1991 in state court, alleging negligence, fraud, and breach of fiduciary duty against AID Association for Lutherans (AAL), a fraternal benefit society providing financial planning advice to its members. Plaintiffs sought advice from AAL's agent, Herman Taege. Plaintiffs claim Mr. Taege negligently and fraudulently advised them to transfer property to him without intent to compensate them, and AAL should have known he was not qualified to give financial planning advice or to act in their best interests.

Defendant first removed the action on diversity grounds in September 1991. In October 1991 plaintiffs added a non-diverse individual defendant, and the case was remanded for lack of complete diversity in December 1991.

In August 1993, the state court granted summary judgment in favor of the non-diverse defendant, and directed plaintiffs' counsel to prepare the order. Instead, plaintiffs voluntarily dismissed the non-diverse defendant, and so the court ruled the summary judgment was moot. Defendant again filed removal of the action to this Court, now more than one year after the action commenced. Plaintiffs seek to remand the action based on untimely removal.[1]

This fact pattern—timely removal, joinder of a non-diverse party, remand, dismissal of the non-diverse party, and a second removal more than one year after commencement of the action—is one of apparent first impression in the Ninth Circuit. Defendant argues that, since it initially removed within one year but was remanded because plaintiffs joined a non-diverse party who was later dismissed, it should be permitted to remove again despite the passage of more than one year.

### II. *DISCUSSION*

28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended

---

1. Third-party defendant Benevest Escrow Company also moves to dismiss.

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action* (emphasis added).[2]

Defendant's argument that its second removal attempt is timely is based on *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F.Supp. 597 (S.D.Ind.1989). In *Kite*, under almost identical facts, the plaintiff brought an action in state court against a diverse corporation, the corporation removed, plaintiff amended to add a non-diverse defendant, the case was remanded, and the non-diverse defendant was dismissed without prejudice by joint stipulation between plaintiff and the non-diverse defendant. The diverse corporation again sought to remove, which the district court permitted despite the passage of more than one year since commencement of the action.

The court's decision was based on the obvious concern that plaintiffs might join non-diverse parties simply to defeat diversity. The court stated:

> Plaintiff contends that § 1446 should be applied so that no action more than one (1) year old may be removed. This Court is concerned that if it applies the rule in such a rigid manner it will be opening the door to potential abuse of the rule, the effect of which will be to undermine the very purpose behind federal diversity jurisdiction ... To apply the rule in the mechanical manner advanced by the plaintiff would have the result of encouraging plaintiffs who do not want to be in a federal forum to add diversity-destroying defendants for the purpose of remaining in State court. *Id.* at 600.

The *Kite* case was distinguished based on such concerns in *Santiago v. Barre Nat. Inc.*, 795 F.Supp. 508 (D.Mass.1992). In that case, plaintiff sued a non-diverse defendant in state court, joined a diverse defendant, and dismissed the non-diverse defendant. The diverse defendant then sought to remove more than one year after the action was commenced. The court granted plaintiff's remand motion, holding:

> ... [T]he plain language of the statute forbids removal on diversity grounds of cases which commenced in state court more than one year previously. The statute contains no exceptions to its prohibitory language.

*Id.* at 510.

*Santiago* distinguished *Kite*, noting *Kite*'s implicit concern that a plaintiff might fraudulently join a non-diverse defendant to defeat federal court jurisdiction. According to *Santiago*, the *Kite* "exception" is applicable only in those circumstances where the defendant removed in a timely manner, "only to have the plaintiff later add a diversity-destroying defendant and then dismiss the case as to that defendant more than one year after the action was commenced." *Id.* at 512.

While defendant would apparently fall within the *Kite* exception, district courts here in the Ninth Circuit have almost always construed the removal statute narrowly and the one-year time limit strictly. For example, in *Coman v. International Playtex, Inc.*, 713 F.Supp. 1324 (N.D.Cal.1989), the court granted plaintiffs' motion to remand an action removed more than one year after commencement, stating "removal statutes are to be strictly construed against removal and in favor of remand," in order to promote comity and the independence of state governments. *Id.* at 1326. Similarly, in *Rezendes v. Dow Corning Corp.*, 717 F.Supp. 1435, 1437 (E.D.Cal.1989) the court stated that "The Ninth Circuit has consistently reaffirmed strict construction against removal." *Rezendes* rejected the argument that the amount of progress made in state court was relevant to whether removal would be permitted:

> Unfortunately for defendant, Congress did not amend the removal statute so as to give federal court's [sic] discretion to allow removal of diversity actions more than one year old upon a determination that "sub-

---

2. The one year time limit was added in 1988 when 1446(b) was amended by the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, sec. 1016(b), 102 Stat. 4642, 4669 (1988).

stantial progress" has or has not been made in the state forum. Rather Congress has clearly expressed its intent in the plain language of 28 U.S.C. § 1446(b) that a diversity case which has been before a state court for more than one year should stay there.

*Id.* at 1438.

Removal after one year has even been denied where a non-resident defendant was not served until after the time period for removal had expired. *See, e.g. Hom v. Service Merchandise Co., Inc.*, 727 F.Supp. 1343, 1345 (N.D.Cal.1990): "Strict construction is especially warranted in diversity cases, where 'concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created.'" (Citation omitted).[3]

Based on this Circuit's strict construction of the one-year time limit in section 1446(b), the court rejects the reasoning in *Kite.* Congress has enacted clear language in section 1446(b), and the court will not construe it away to avoid a perceived danger of federal forum avoidance. The fraudulent joinder theory is available to a diverse defendant suspecting improper joinder of a non-diverse defendant. The one-year time limit in section 1446(b) is important to protect comity and forum certainty. Any revision of section 1446(b) should be made by Congress, not by the courts. Although a set of facts could conceivably exist justifying an equitable estoppel departure from the one-year rule, this is not an appropriate case to do so.

The court holds the one-year limit of section 1446(b) applies. Therefore, removal was not timely.

Because the court holds removal was untimely, it need not consider plaintiff's second argument that defendant failed to remove within thirty days of learning the case had become removable. Nor need it consider whether plaintiff's dismissal of the non-diverse defendant following summary judgment in his favor was "voluntary" or "invol-

untary" for removal purposes. Even if the dismissal was "voluntary" (a requirement for an initially non-removable case becoming removable), removability is time-barred under section 1446(b). Finally, this Court need not address third-party defendant Benevest Escrow Company's motion to dismiss, as that motion should be directed to the state court after remand.

28 U.S.C. section 1447(c) provides that, on granting a motion for remand for a defect in removal procedure or lack of subject matter jurisdiction, the federal court may order the defendant to pay a plaintiff's "just costs and any actual expenses, including attorney fees, incurred as a result of the removal...." The decision to award costs under section 1447(c) is within the trial court's discretion. *Schmidt v. Association of Apartment Owners*, 780 F.Supp. 699, 704 (D.Hawaii 1991). Here, the court exercises its discretion not to award costs. Given the *Kite* case's support, defendant's argument was certainly colorable. This court has weighed all the considerations and, in the exercise of its discretion, DENIES the award of removal costs.

### III. *DISPOSITION*

In light of the express one-year limitation in section 1446(b), the Court GRANTS plaintiffs' motion to remand on the ground removal was untimely, and DENIES plaintiffs' request for costs. The court finds the question of removal after one year under the circumstances of this case involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of this litigation. The court therefore certifies this order for interlocutory appeal pursuant to 28 U.S.C. section 1292(b).

---

**3.** *But see* one of the few liberal construction cases, *Zogbi v. Federated Dept. Store*, 767 F.Supp. 1037 (C.D.Cal.1991), holding that the one-year limit did not apply where defendants were not served until three years after the case was filed, reasoning that the time limit only applied where removal was based on something *other than* the initial pleading.