ORDER GRANTING PLAINTIFF’S MOTION TO REMAND AND DENYING PLAINTIFF’S REQUEST FOR ATTORNEYS’FEES AND COSTS
 

 KAY, Chief Judge.
 

 BACKGROUND
 

 Before the Court is plaintiff Teresa Ann O’Brien’s motion to remand based on lack of diversity jurisdiction, filed January 9, 1996. Defendants Philip Morris, Inc. (“PMI”) and Les HamasaM, joined by defendant Power-force, Inc. (collectively, “Defendants”), contest remand on the grounds that HamasaM, the only nondiverse defendant, was fraudulently joined.
 

 On April 30, 1996, the Court heard Plaintiffs motion to remand. All parties appeared through counsel. At the hearing, the Court granted the parties leave to file supplemental memoranda regarding the timeliness of the removal, an issue which neither party had addressed. They have done so. Upon considering the papers submitted by the parties, the arguments of counsel and the record, the Court hereby ORDERS that this ease be REMANDED to state court and DENIES Plaintiffs request for attorneys’ fees and costs.
 

 PROCEDURAL HISTORY
 

 On September 2, 1994, Plaintiff filed a complaint in state court alleging,
 
 inter alia,
 
 sexual harassment, discrimination, and wrongful termination arising from her employment by Powerforce from October 23, 1993 through January 10, 1994. Plaintiffs complaint was served on Powerforce and PMI on December 29,1994 and on HamasaM on January 26, 1995. PMI and HamasaM filed an answer on January 17,1995.
 

 Plaintiffs complaint alleges causes of action against HamasaM (as well as against PMI and Powerforce) but prays for judgment only against defendants Powerforce
 
 *776
 
 and PMI.
 
 See
 
 Compl. at 11 (“WHEREFORE, Plaintiff TERESA ANN O’BRIEN prays for Judgment against the Defendant [sic] POWERFORCE, INC. and PHILIP MORRIS INC. Jointly and Severally as follows:. ...”).
 

 In a pretrial statement filed September 1, 1995, Plaintiff stated that “[a]ll sexual harassment and discrimination was perpetrated by ... Defendant LES HAMASAKI.’’ In her deposition which was taken on November 9, 1995, however, Plaintiff testified that that statement was incorrect. Plaintiffs motion states that “[t]he primary harasser in fact was named Kenny Blake Chung, not Les Hamasaki.” Plaintiffs Mot. at 4.
 

 On December 11,1995, PMI and Hamasaki (presumably with the consent of Powerforce, given its joinder in PMI and Hamasaki’s opposition to Plaintiffs motion to remand) filed a notice of removal. The notice states that at the time the action was commenced, Plaintiff was a resident of Hawaii, Hamasaki was a resident of Hawaii, PMI was a Virginia corporation doing business in Hawaii, and Powerforce was an Illinois corporation doing business in Hawaii. It does not appear that, at the time of commencement, either PMI or Powerforce had its principal place of business in Hawaii. Accordingly, PMI and Power-force are diverse defendants, but Hamasaki is not. The notice of removal states that the basis for removal is diversity based on the fraudulent joinder of Hamasaki.
 

 DISCUSSION
 

 Although the parties’ papers filed prior to the hearing addressed only the issue whether Hamasaki was fraudulently joined, the Court finds, as a preliminary matter and upon considering the parties’ supplemental memoranda on this issue, that even assuming Hamasaki in fact was fraudulently joined, nevertheless remand is required on the grounds that the removal was untimely.
 

 I.
 
 REMOVAL JURISDICTION
 

 Removal jurisdiction is statutory and strictly construed.
 
 Gould v. Mut. Life Ins. Co. of New York,
 
 790 F.2d 769, 773 (9th Cir.1986);
 
 see also Libhart v. Santa Monica Dairy Co.,
 
 592 F.2d 1062, 1064 (9th Cir.1979). “[F]ederal jurisdiction ‘must be rejected if there is any doubt as to the right of removal in the first instance.’ ”
 
 Duncan v. Stuetzle,
 
 76 F.3d 1480, 1485 (9th Cir.1996) (quoting
 
 Gaus v. Miles, Inc.,
 
 980 F.2d 564, 566 (9th Cir.1992)).
 

 The burden of establishing proper removal and federal jurisdiction falls on the party invoking removal.
 
 Harris v. Provident Life and Accident Ins. Co.,
 
 26 F.3d 930 (9th Cir.1994) (quoting
 
 Gould,
 
 790 F.2d at 771);
 
 Duncan v. Stuetzle,
 
 76 F.3d 1480, 1485 (9th Cir.1996);
 
 see also Lew v. Moss,
 
 797 F.2d 747, 749 (9th Cir.1986) (party asserting diversity jurisdiction bears burden of proof of diversity).
 

 The district court has an obligation to raise lack of subject matter or removal jurisdiction
 
 sua sponte
 
 even where the parties consent to federal jurisdiction.
 
 See
 
 28 U.S.C. § 1447(c) (“If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.”);
 
 Harris,
 
 26 F.3d at 932 (“Although no objection was made to removal, we must still address whether federal jurisdiction exists.”);
 
 Kalawe v. KFC Nat’l Management Co.,
 
 1991 WL 338566 (D.Haw.1991) (“Although [plaintiff] does not raise the issue of diversity jurisdiction, this court is required to raise it
 
 sua
 
 sponte.... A federal court will remand on its own initiative if, at any time prior to the final judgment, it should appear that the case was removed improperly.”).
 

 An order remanding a case to the state court from which it was removed under 28 U.S.C. § 1441(b) is not reviewable on appeal or otherwise.
 
 Libhart,
 
 592 F.2d at 1065 (citing 28 U.S.C. § 1447(d)). Here, the instant case was removed on the basis of diversity, pursuant to 28 U.S.C. § 1441(b).
 

 II.
 
 TIMELINESS OF REMOVAL
 

 Title 28 U.S.C. § 1446(b) provides:
 

 The notice of removal ... shall be filed within thirty [30] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading set
 
 *777
 
 ting forth the claim for relief upon which such action or proceeding is based---If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty [30] days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,
 
 except that a case may not be removed on the basis of jurisdiction conferred by section 133% [diversity] of this title more than 1 year after commencement of the action.
 

 Id.
 
 (emphasis added).
 

 Preliminarily, the question arises when an action “commences” for purposes of § 1446(b). “In removal cases the timing of ‘commencement’ is controlled by the law of the state in which the action originated.”
 
 Perez v. Gen’l Packer, Inc.,
 
 790 F.Supp. 1464, 1469 (C.D.Cal.1992) (citing Cal.Civ.Proc.Code § 350 — “ ‘An action is commenced ... when it is filed.’ ’’ — and Fed.R.Civ.P. 3 — “ ‘A civil action is commenced by filing a complaint with the court.’ ” — to find that in California an action is “commenced” for purposes of § 1446(b) when it is filed in court);
 
 but compare Norman v. Sundance Spas, Inc.,
 
 844 F.Supp. 355, 357 (W.D.Ky.1994) (“It is not too elementary to suggest that the source of this inquiry [construction of phrase ‘commencement of the action’ under § 1446(b) ] is federal law. Although federal courts may construe federal statutes by reference to state law, construing the terms of a federal statute is a federal issue, and state law definitions are not controlling.”) (internal citations omitted).
 

 Either way, the Court finds that the present action was “commenced” for purposes of § 1446(b) on September 2,1994, the date it was filed in state court.
 
 See
 
 Haw. R.Civ.P. 3 (“A civil action is commenced by filing a complaint with the court.”);
 
 Yoshizaki v. Hilo Hosp.,
 
 50 Haw. 1, 3, 427 P.2d 845 (1967) (“The complaint was filed September 17, 1963. Pursuant to H.R.C.P., Rule 3, this constituted the commencement of the action.”); Fed.R.Civ.P. 3 (“A civil action is commenced by filing a complaint with the court.”);
 
 see also
 
 Defendants’ Notice of Removal at 2 (“PMI is informed and believes that Co-defendant Hamasaki is and was
 
 at the time the action was commenced,
 
 a resident of the City and County of Honolulu, State of Hawaii.”) (emphasis added).
 

 Section 1446(b) establishes certain rules. First, if the “case stated by the initial pleading” is removable — for example, if there lacks diversity from the face of the complaint — the notice of removal must be filed within 30 days after receipt by the defendant of a copy of that initial pleading.
 

 Here, Plaintiffs original state court complaint was filed on September 2, 1994, served on PMI on December 29, 1994, and served on Hamasaki on January 26, 1995. Defendants’ notice of removal however was not filed until December 11, 1995. Accordingly, there is no question that Defendants failed to file their notice of removal within the initial 30 day period.
 

 Section 1446(b) however provides for an exception to this requirement that the notice of removal be filed within the initial 30 day period. Where the “ease stated by the initial pleading” is not removable initially but becomes removable later — for example, where the plaintiff subsequently voluntarily dismisses all nondiverse defendants — a notice of removal may be filed beyond the initial 30 day period but still must be filed within 30 days after “receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.” 28 U.S.C. § 1446(b).
 

 Finally, § 1446(b) provides that “a ease may not be removed on the basis of jurisdiction conferred by section 1332 of this title [that is, diversity jurisdiction] more than 1 year after commencement of the action.” 28 U.S.C. § 1446(b).
 

 Here, Defendants’ notice of removal was filed December 11, 1995, approximately one year and three months after commencement of the action on September 2, 1994. Accordingly, it would seem that removal was untimely under § 1446(b) and remand is required.
 
 See Beisel v. Aid Ass’n for Luther
 
 
 *778
 

 ans,
 
 843 F.Supp. 616, 619 (C.D.Cal.1994) (“Based on this Circuit’s strict construction of the one-year time limit in section 1446(b), the court rejects the reasoning in
 
 Kite.
 

 [1]
 

 Congress has enacted clear language in section 1446(b), and the court will not construe it away to avoid a perceived danger of federal forum avoidance.”);
 
 Hom v. Serv. Merchandise Co., Inc.,
 
 727 F.Supp. 1343, 1345 (N.D.Cal.1990) (“Strict construction is especially warranted in diversity cases, where ‘concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created.’”);
 
 Rezendes v. Dow Corning Corp.,
 
 717 F.Supp. 1435, 1437-38 (E.D.Cal.1989) (“The Ninth Circuit has consistently reaffirmed strict construction against removal____ Unfortunately for defendant, Congress did not amend the removal statute so as to give federal court[s] discretion to allow removal of diversity actions more than one year old upon a determination that ‘substantial progress’ has or has not been made in the state forum. Rather Congress has clearly expressed its intent in the plain language of 28 U.S.C. § 1446(b) that a diversity case which has been before a state court for more than one year should stay there.”).
 
 [2]
 

 This Court agrees with the courts in
 
 Beisel, Horn, Rezendes,
 
 and others that the one year limitation in § 1446(b) on removal of cases on the basis of diversity jurisdiction applies to removals under both paragraphs of § 1446(b).
 
 See also Perez v. Gen’l Packer, Inc.,
 
 790 F.Supp. 1464, 1467 (C.D.Cal.1992) (“This Court adopts the reasoning of the
 
 Horn
 
 and
 
 Rezendes
 
 opinions rather than that of the
 
 Zogbi
 
 opinion and concludes ... that the one-year limit applies to both paragraphs of 28 U.S.C. § 1446(b).”);
 
 Martine v. Nat’l Tea Co.,
 
 841 F.Supp. 1421, 1422 (M.D.La. 1993) (one year limit bars removal even where complaint not served for over a year; “[I]t is for the Congress and not this Court to rewrite the provisions of section 1446(b) to curb such abuses.”) (footnote omitted);
 
 Perhats Associates., Inc. v. Fasco Indus., Inc.,
 
 843 F.Supp. 424, 426 (N.D.Ill.1994) (“[T]he statutory language [one year limit in § 1446(b)] is crystal-clear, and federal
 
 *779
 
 judges do not sit as superlegislators to amend or repeal the work of Congress.”). Here, there is no question that Defendants failed to file their notice of removal within the one year period.
 

 There is also no question that Plaintiff’s motion to remand was timely.
 
 See
 
 28 U.S.C. § 1447(e) (“A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).”). Here, Plaintiffs motion to remand filed January 9, 1996 was filed within 30 days of Defendants’ notice of removal filed December 11,1995.
 

 Accordingly, the Court need not consider whether the one year time limit under § 1446(b) is a jurisdictional limitation that cannot be waived or merely a procedural requirement that can be waived by an untimely motion to remand — either way, there is no question of waiver here.
 
 See, e.g., Rashid v. Schenek Constr. Co.,
 
 843 F.Supp. 1081,1087 (S.D.W.Va.1993) (“Courts concluding that the one-year time limit. ... is a jurisdictional limitation not subject to the thirty day requirement for motions to remand based on defects in removal procedure
 
 [see id.
 
 at 1086-87 (citing cases) ] reach that decision on the basis of the statute’s language and the legislative history surrounding the 1988 amendment which added that provision. They note that the one-year time limitation ... reads as a blanket restriction. Additional consideration is given to statements contained in the legislative history[
 
 3
 
 ] ____”);
 
 Price v. Messer,
 
 872 F.Supp. 317, 320 (S.D.W.Va.1995) (“In this district, the one year cap of § 1446(b) is recognized to be a jurisdictional limitation that should be rigidly observed to prevent removal of diversity cases pending in state court for more than one year.”);
 
 Perez v. Gen’l Packer, Inc.,
 
 790 F.Supp. 1464, 1471 (C.D.Cal.1992) (“[T]he Court finds that the one-year rule is a jurisdictional rule and its violation a jurisdictional defect. As such, the Court may sua sponte challenge the removal on that basis.”).
 

 Based on the foregoing discussion, the Court finds that removal was untimely under § 1446(b) and that remand therefore is required — unless Defendants’ contention of fraudulent joinder somehow affects this conclusion.
 

 III.
 
 REMOVAL FOR FRAUDULENT JOINDER AND SECTION 1446(b)
 

 The Court acknowledges that one commentator has stated as follows:
 

 The time limits of [§ 1446] will be ignored when removal is sought on the ground that some defendants have been fraudulently joined to prevent removal. In this situation it is only necessary that the petition be filed within a reasonable time after defendant learns that the joinder is fraudulent.
 

 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper,
 
 Federal Practice and Procedure
 
 § 3732 at
 
 530
 
 (1985) (citing
 
 Parks v. New York Times Co.,
 
 195 F.Supp. 919, 925 (M.D.Ala.1961),
 
 rev’d on other grounds,
 
 308 F.2d 474 (5th Cir.1962)) (footnotes omitted).
 
 [4]
 

 This quoted language from
 
 Wright, Miller & Cooper
 
 was considered in
 
 Beasley v. Goodyear Tire and Rubber Co.,
 
 835 F.Supp. 269 (D.S.C.1993).
 
 See
 
 14A
 
 Wright, Miller & Cooper
 
 § 3732 at 243 n. 44 (2d ed. Supp.1995) (citing
 
 Beasley
 
 in support of quote). In
 
 *780
 

 Beasley,
 
 the plaintiff filed a products liability action in state court on July 14,1992 against defendants Goodyear, Motor Wheel Corporation and Burnside Dodge, Inc., arising from the explosion of a tire during mounting on an allegedly defective rim.
 

 During discovery, it was learned that the rim in question was not manufactured by Motor Wheel, as initially thought, but by Kelsey-Hayes Company. As a result, the plaintiff filed an amended complaint on May 10, 1993, substituting Kelsey-Hayes for Motor Wheel. Kelsey-Hayes then filed a notice of removal on June 23, 1993, joined in by Goodyear and Burnside, on the grounds that Burnside, the only nondiverse defendant, had been fraudulently joined only to prevent removal.
 
 Id.
 
 at 270.
 

 The court in
 
 Beasley
 
 first concluded that Burnside in fact had been fraudulently joined.
 
 Id.
 
 at 271. The court then held that remand was required because “the failure of Goodyear to remove during the
 
 original thirty day
 
 time period is deemed a waiver of the right of removal which is binding on Kelsey-Hayes.”
 
 Id.
 
 (emphasis added).
 

 The court then considered the plaintiffs argument based on the language from
 
 Wright, Miller & Cooper
 
 and held, apparently alternatively, that “removal was not
 
 even
 
 sought within a reasonable time after the defendants learned that the joinder of Bum-side was fraudulent.”
 
 Id.
 
 at 273 (emphasis added). The court found “[tjhere was conclusive evidence in January of 1993 that Burnside was a sham defendant and Goodyear did nothing to remove the case [until joining in Kelsey-Hayes’ removal six months later on June 23, 1993].”
 
 Id.
 
 The court concluded that “because Goodyear did not petition within 30 days of the initial filing of the complaint
 
 nor
 
 within 30 days of learning that Burnside was a sham defendant,” remand was required.
 
 Id.
 
 (emphasis added). The court found that Goodyear’s inaction bound Kelsey-Hayes.
 
 Id.
 

 The court in
 
 Beasley
 
 thus interpreted “reasonable time” in the quoted language from
 
 Wright, Miller & Cooper
 
 to mean 30 days.
 
 Accord Delatte v. Zurich Ins. Co.,
 
 683 F.Supp. 1062, 1064 (M.D.La.1988) (cited in conjunction with
 
 Beasley
 
 in support of quoted language at
 
 Wright, Miller & Cooper
 
 § 3732 at 244 n. 44).
 

 In light of
 
 Beasley
 
 and the Court’s discussion in Section II above, the Court now rules explicitly as follows. First, in light of its discussion in Section II above, the Court declines to follow
 
 Wright, Miller & Cooper
 
 and finds instead that the one year limitation in § 1446(b) applies to all removals under either paragraph of § 1446(b) despite any claim of fraudulent joinder. Accordingly, remand is required on this basis alone.
 

 Alternatively, the Court adopts the
 
 Beasley
 
 court’s interpretation of “reasonable time” to mean 30 days and finds that removal was improper because Defendants failed to remove within the initial 30 day period (that is, within 30 days after receiving a copy of the complaint).
 

 Defendants base their fraudulent joinder argument on two main points. First, they point out that Plaintiffs complaint filed September 2, 1994 seeks judgment only against defendants Powerforce and PMI, and not Hamasaki.
 
 See
 
 Compl. at 11 (“WHEREFORE, Plaintiff TERESA ANN O’BRIEN prays for Judgment against the Defendant [sic] POWERFORCE, INC. and PHILIP MORRIS INC. Jointly and Severally as follows:____”);
 
 see also
 
 James W.M. Moore,
 
 Moore’s Federal Practice
 
 ¶ 0.161[2] at 272 (1995) (‘Whether the joinder is fraudulent or not is said to depend on whether the plaintiff really intended to obtain a judgment against both defendants.”) (footnote containing citations omitted);
 
 Storr Office Supply Div., a Div. of Storr Office Environments, Inc. v. Radar Business Sys.
 
 —Raleigh,
 
 Inc.,
 
 832 F.Supp. 154, 156 (E.D.N.C.1993) (“The key factor in determining whether joinder is fraudulent is whether the plaintiff intended to obtain a judgment against the defendant alleged to be fraudulently joined.”) (citing Moore’s);
 
 Reeb v. Wal-Mart Stores, Inc.,
 
 902 F.Supp. 185, 187 (E.D.Mo.1995) (“If there is no reasonable basis in fact or law supporting the claim against the resident defendant, or the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant, joinder is fraudulent and removal is proper.”);
 
 Schwenn v. Sears, Roebuck & Co.,
 
 822 F.Supp. 1453, 1455 (D.Minn.1993) (same);
 
 *781
 

 but see
 
 Plaintiffs Reply at 4 (suggesting that Hamasaki’s name was left out of the prayer for relief inadvertently and implying that Plaintiff currently is seeking judgment against Hamasaki).
 

 The fact that Plaintiffs complaint does not seek judgment against defendant Hamasaki, of course, is evident from the complaint itself, which was filed September 2,1994. Accordingly, the Court finds in the alternative that Defendants’ failure to remove within the initial 30 day period was fatal.
 

 Defendants’ second point is that in her deposition taken November 9, 1995, Plaintiff admitted that she had spoken with Hamasaki on only a few occasions and acknowledged that the statement in her pretrial statement filed September 1, 1995 that “[a]ll sexual harassment and discrimination was perpetrated by ... Defendant LES HAMASAKI” was incorrect. Defendants’ notice of removal filed December 11, 1995 was filed (exactly) within 30 days of Plaintiffs deposition on November 9,1995.
 

 It is not at all clear, however, that a deposition can even constitute an “other paper” from which to measure the 30 day filing period under § 1446(b).
 
 See Rivers v. Int'l Matex Tank Terminal,
 
 864 F.Supp. 556, 558-60 (E.D.La.1994) (noting disagreement on this issue among district courts, citing
 
 Karambelas v. Hughes Aircraft Co.,
 
 992 F.2d 971, 974 (9th Cir.1993) (removal not justified based solely on cleverly elicited deposition testimony of plaintiff about alternative reasons for his discharge that could be preempted by ERISA) for the proposition that circuit courts confronting related questions “have expressed their disinclination to hold that a deposition constitutes an ‘other paper’ that would give notice of removability,” and holding that “Mrs. Rivers’ deposition does not constitute an ‘other paper’ under § 1446(b) because it was not a truly voluntary act, it was not a definitive statement of the plaintiffs evidence or lack thereof, and it did not rise to the level of certainty that is required for defendants to carry their burden of showing the propriety of removal”).
 

 Moreover, the fact that Plaintiff admitted she had little contact with Hamasaki does not necessarily imply that Hamasaki was fraudulently joined, in light of Plaintiffs claim that Hamasaki nevertheless was “directly responsible for making the decision to terminate Plaintiff for discriminatory reasons.” Plaintiffs Mot. at 14;
 
 see also Rivers v. Int’l Matex Tank Terminal,
 
 864 F.Supp. 556, 560 (E.D.La.1994) (“Although through the subtle interrogation of defense counsel Mrs. Rivers admitted that, at that time, she personally knew of no evidence supporting [her intentional tort] claims, one must note that discovery was not and is not yet complete. Her testimony, for jurisdiction purposes, is meaningless.”);
 
 id.
 
 at 559 n. 3 (“If defendants believed that plaintiff had no factual support for the intentional tort allegations against Coleman and deBuys, their appropriate remedy was to seek summary judgment in state court.”).
 
 [5]
 

 The Court accordingly finds that the removal here was untimely under § 1446(b) and that remand therefore is required. As suggested in
 
 Rivers, swpra,
 
 Defendants may move for summary judgment in state court if they believe Plaintiff cannot sustain claims against Hamasaki. The Court declines to award Plaintiff attorneys’ fees and costs. First, the Court’s ruling is based on grounds not advanced by Plaintiff in her motion to remand. Second, the Court finds that Defendants’ argument that Hamasaki was fraudulently joined was responsive to Plaintiffs motion and not frivolous.
 

 CONCLUSION
 

 For the foregoing reasons, the Court ORDERS that this case be REMANDED to state court and DENIES Plaintiffs request for attorneys’ fees and costs.
 

 IT IS SO ORDERED.
 

 [1]
 

 . In
 
 Kite v. Richard Wolf Medical Instruments Corp.,
 
 761 F.Supp. 597 (S.D.Ind.1989), the plaintiff brought an action in state court against a diverse corporation, the corporation removed, plaintiff amended to add a nondiverse defendant, the case was remanded, and then the nondiverse defendant was dismissed without prejudice by joint stipulation between the plaintiff and the nondiverse defendant. The diverse corporation then sought to remove again, this time more than one year after commencement of the action. The district court allowed removal under these circumstances, stating:
 

 The fact is that the defendant herein first sought removal immediately after the suit was commenced [specifically, within one month] and again removed immediately after the diversity-destroying defendant was dismissed. If the Court were to grant remands in cases such as this, the effect would be to encourage plaintiffs to manipulate the removal process____ Accordingly, this Court recognizes an exception to the one (1) year requirement of § 1446(b) in cases where the defendant timely removes only to have a plaintiff later add a diversity-destroying defendant and then dismiss that defendant more than one (1) year after the action was commenced.
 

 Id.
 
 at 601.
 

 This Court notes however that even were it to accept the reasoning of
 
 Kite,
 
 the holding in
 
 Kite
 
 would not apply to Defendants here since they never timely removed in the first place.
 

 [2]
 

 .
 
 But see Zogbi v. Federated Dep't Store,
 
 767 F.Supp. 1037, 1039-40 (C.D.Cal.1991) (holding that the one year limit applies only to removals based on something other than the initial pleading — that is, only to removals pursuant to the second paragraph of 28 U.S.C. § 1446(b));
 
 contra Rashid v. Schenck Constr. Co., Inc.,
 
 843 F.Supp. 1081, 1087 n. 6 (S.D.W.Va.1993) (agreeing with “the reasoning of the court in
 
 Rezendes
 
 that there is no discernible basis for applying the one-year cap to cases which later become removable but not to those removable on the initial pleading").
 

 It is somewhat unclear whether removal based on fraudulent joinder constitutes a removal based on the initial pleading or one based on something other than the initial pleading.
 
 See Beasley v. Goodyear Tire and Rubber Co.,
 
 835 F.Supp. 269, 272 n. 3 (1993) (opining that removal based on fraudulent joinder “more aptly fits” under the second paragraph of § 1446(b)).
 

 The Court notes however that if Defendants were to argue that removal based on fraudulent joinder is removal based on the second paragraph of § 1446(b) — that is, removal based on something other than the initial pleading — even the reasoning of
 
 Zogbi
 
 would not help them, since even
 
 Zogbi
 
 concedes that the one year limit applies to removals under the second paragraph of § 1446(b).
 

 [3]
 

 . The one year limitation in § 1446(b) was enacted by Congress as part of the Judicial Improvements Act of 1988. The legislative history states in part:
 

 Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court____ Removal later in the proceedings may result in substantial delay and disruption.
 

 H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988),
 
 reprinted in
 
 1988 U.S.C.C.A.N. 5982, 6032-33;
 
 see also Zumas v. Owens-Coming Fiberglas Corp.,
 
 907 F.Supp. 131 (D.Md.1995) (citing history).
 

 [4]
 

 . The Court notes that the "time limits” referred to in the 1985 edition of the treatise could not have included the one year time limit added to § 1446(b) by the Judicial Improvements Act of 1988. However, the 1995 pocket part to the treatise does not alter the language of the quote.
 

 [5]
 

 . The Court notes (1) that H.R.S. § 378-1 defines "employer” to include an employer's agent; and (2) that H.R.S. § 378-2(3) provides "[i]t shall be an unlawful discriminatory practice ... [f]or any person whether an employer, employee, or not. to aid, abet, incite,
 
 compel, or coerce
 
 the doing of any of the discriminatory practices forbidden by this part, or to attempt to do so.” Thus it seems Hamasaki could be individually liable even without much direct contact with Plaintiff.