Joseph **PROVENZA**, a minor, by and through his father, Michael Provenza; Michael Provenza; and, Kim Provenza, Plaintiffs,

v.

**YAMAHA MOTOR CO., LTD.**; Yamaha Motor Corporation, U.S.A.; Yamaha Motor Manufacturing Corporation of America; Yamaha Corporation of America; Lemans Corporation; David Bongiorno; San Diego Sportcycles; Fariborz Sadri; and Does 1 through 300, inclusive, Defendants.

No. CV–S–03–0890–ECR PAL.

United States District Court,
D. Nevada.

Oct. 30, 2003.

Joseph Provenza, Kim Provenza, and Michael Provenza, Joseph W. Carcione and Gary W. Dolinski, Pro Hac Vice Firm, Law Office of Joseph W. Carcione, Jr., Redwood City, CA, Bradley P. Elley, Incline Village, NV, for Plaintiffs.

John E. Gormley, Rawlings, Olson, Cannon, Gormley & Desruisseaux, Las Vegas, NV, for Lemans Corp., defendant.

Curtis Busby and Paul G. Cereghini, Bowman & Brooke, LLP, Phoenix, AZ, and Greg W. Marsh, Las Vegas, NV, for Yamaha Corporation of America, Yamaha Motor Co., Ltd., Yamaha Motor Corpora-

tion, U.S.A., and Yamaha Motor Manufacturing Corp. of America, defendants.

### ORDER

EDWARD C. REED, JR., District Judge.

The plaintiffs Joseph Provenza ("Joseph"), a minor, by and through his father Michael Provenza, Michael Provenza and Kim Provenza (all collectively "Provenza") have filed a motion (# 8) seeking remand of this case to the Nevada state court from which it was removed. Defendants Yamaha Motor Co., Ltd., Yamaha Motor Corporation, U.S.A., Yamaha Motor Manufacturing Corporation of America and Yamaha Corporation of America (collectively "Yamaha") opposed the motion (# 15). Provenza replied (# 18).

### PROCEDURAL HISTORY

This case arises out of an accident Joseph Provenza was involved in while riding a Yamaha TT600 dirt bike motorcycle off road in Pahrump, Nevada. Provenza alleges that when Joseph crashed the bike on May 4, 2001, he was sprayed with fuel which leaked from the motorcycle's ruptured gas tank. (Compl. at ¶ 15.) This fuel then ignited, burning Joseph over approximately ninety percent of his body. *Id.*

Provenza filed a complaint in Nevada state court on February 19, 2002, which was served on Yamaha on June 19 of that same year. (Am. Notice of Removal (# 3) at 2.) The complaint alleged various state-law torts against Yamaha related to the motorcycle's gas tank, and against Lemans Corporation, San Diego Sportcycles and David Bongiorno regarding the clothing Joseph was wearing during the accident. (*See generally* Compl.) Additionally, the complaint included a claim against Fariborz Sadri ("Sadri") for premises liability.[1] *Id.* at ¶¶ 111–20. When the complaint was

filed, there was no basis for federal court jurisdiction as it did not include any federal claims and complete diversity between the parties was not present because Provenza and Sadri were both citizens of Nevada. Consequently, the case was not initially removable.

On June 11, 2003, approximately one year and four months after the complaint was filed, however, Sadri was voluntarily dismissed from the case. (*See* Stipulation and Order for Dismissal Without Prejudice, Attached as Ex. C to Opp'n (# 15)). As a result, complete diversity was then present. Yamaha was not served with a copy of the stipulation of dismissal and did not become aware of it until July 11, 2003, while reviewing the Clark County District Court website. (Opp'n (# 15) at 5.) Upon discovering that Sadri had been dismissed from the case, Yamaha filed a Notice of Removal (# 1) on July 28, 2003. Provenza's present motion to remand (# 8) was then filed on August 27, 2003.

Provenza argues that remand is proper because Yamaha's notice of removal was untimely under 28 U.S.C. § 1446(b). In response, Yamaha claims that because it was never served with a copy of the stipulation of dismissal equity requires that it not be held to the one year time limit contained in § 1446(b). For the reasons stated below, we agree with Provenza.

### DISCUSSION

#### I. The Removal Statutes

Any civil action brought in a state court which could have originally been filed in a United States District Court can be removed by the defendant or defendants to such federal court. 28 U.S.C. § 1441(a). Jurisdiction over cases removed from a state court to a federal district court is statutorily based, *see* 28 U.S.C. §§ 1441–1452, and such statutes

---

1. Sadri allegedly owned the property on which Joseph was injured.

are to be strictly construed to limit, not expand, federal jurisdiction, *Oregon Bureau of Labor and Indus. ex rel. Richardson v. U.S. West Communications, Inc.,* 288 F.3d 414, 419 (9th Cir.2002). We must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). This general presumption against removal means that it is the defendant's burden to establish that removal is proper. *Id.*

The time limits for removal are contained in 28 U.S.C. § 1446(b). That section provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

*Id.* (emphasis added). For purposes of the one year limitation on diversity jurisdiction cases, "commencement" of an action is governed by the law of the state in which the case originated. *O'Brien v. Powerforce, Inc.,* 939 F.Supp. 774, 776 (D.Haw. 1996), *disagreed with on other grounds by Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir.1998); *Coman v. Int'l Playtex, Inc.,* 713 F.Supp. 1324, 1328 (N.D.Cal. 1989).

## II. Analysis

### a. Equitable Exception

Yamaha first received notice that Sadri had been dismissed from the state court action, resulting in complete diversity, on July 11, 2003. Consequently, its filing of the notice of removal on July 28, 2003, was timely under the thirty-day limit in § 1446(b). Provenza argues, however, that § 1446(b) still bars removal because the notice of removal was filed more than one year after the suit was filed in Nevada state court.

██ In response, Yamaha asserts that it is entitled to an equitable exception to the one year limitation because Provenza did not serve Yamaha with a copy of the stipulation of dismissal, which it claims Provenza was required to do under the Nevada Rules of Civil Procedure. Yamaha points to *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir.1998), which it says left open in the Ninth Circuit the possibility of an equitable exception to the one year limitation in § 1446(b). What Yamaha fails to grasp, though, is that removal would have occurred more than one year after the suit commenced even if Provenza had promptly served a copy of the stipulation of dismissal on Yamaha.

Provenza filed its complaint in the state court on February 19, 2002. The stipulation of dismissal was filed on June 11, 2003, nearly one year and four months after the suit was filed. As stated previously, the question of when a suit is commenced for purposes of § 1446(b) is determined by state law. Nevada Rule of Civil Procedure 3, which mirrors Fed.R.Civ.P. 3, states that "[a] civil action is commenced by filing a complaint with the court." Consequently, this case was commenced in the state court on February 19, 2002. Even if Provenza had properly served the stipulation of dismissal on Yamaha, the one

year period in § 1446(b) would have already been expired. In other words, Provenza's delay in serving the stipulation of dismissal did not affect Yamaha's right to remove the case. The result is that regardless of whether an equitable exception is available in the Ninth Circuit to circumvent § 1446(b)'s one year limitation, Provenza did not engage in conduct warranting the application of such an exception in this case.

### b. "Commencement"

Although it is not entirely clear from its brief, Yamaha could be arguing that the suit commenced not when the complaint was filed in state court, but rather when it was actually served on Yamaha, June 19, 2002. If June 19, 2002, is used as the commencement date, then the June 11, 2003, dismissal of Sadri would have occurred within one year of the commencement of the action. Although quite close, if Provenza promptly served the stipulation of dismissal on Yamaha, the notice of dismissal may have been filed within the one year limitation. However, this argument fails for several reasons.

To begin with, Nevada state law clearly states that a suit commences not when a defendant is served with a summons and complaint, but rather when the complaint is filed. N.R.C.P. 3. The rule makes no reference to the point at which the defendant is served with the complaint.

This is also in line with the plain language of § 1446(b). In a case not initially removable the notice of removal must be filed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper" indicating that the case has become removable. § 1446(b). In such a case, a defendant is granted a measure of protection because the clock for filing a notice of removal does not start running until the defendant receives actual notice that the case has become removable. In contrast, Congress did not use such protective language with regard to the one year limitation. Instead, the one year time period is measured from the "commencement of the action." *Id.* No reference is made to the point in time the defendant received notice that the action had commenced.[2]

Consequently, we find that the one year time limitation in § 1446(b) is properly measured in this case from February 19, 2002, the date the complaint was filed. Yamaha's notice of removal was filed well beyond one year from this date, and was therefore untimely.

### c. Substantial Progress in the Case

Yamaha also argues that it should be excused from § 1446(b)'s one year time limit because there was no substantial progress made in the state court. However, this argument cannot get Yamaha around the plain language of the statute.

The one year limitation in § 1446(b) was added by Congress as part of the Judicial Improvements Act of 1988. The House Report on that act states:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The

---

**2.** Certain courts have found that a case commences for purposes of § 1446(b) when the complaint is filed and the plaintiff makes a good faith effort to serve the complaint on the defendants. *E.g., Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala.1989). However,

Yamaha has not argued, and there is no evidence on file, that Provenza attempted to manipulate the removal process by taking approximately four months to serve the complaint.

result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff ... Removal late in the proceedings may result in substantial delay and disruption.

H.R.Rep. No. 889, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032–33.

Yamaha claims that this case has not made any substantial progress in the Nevada state court, and therefore, the purposes of § 1446(b) would not be furthered by remand. Yamaha, however, ignores the plain language of the statute at issue. While it is true that Congress aimed to prevent the removal of cases substantially progressing toward trial by enacting § 1446(b)'s one year limitation, this aim was not expressly included in the statute's language. It is axiomatic that courts "need [not] refer to the legislative history of a statute when the language of the statute is clear." *Coalition for Clean Air v. Southern Cal. Edison Co.*, 971 F.2d 219, 227 (9th Cir.1992). Section 1446(b) says that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." It says nothing of the amount of progress made in the state court. Consequently, the amount of progress made in the state court has no influence on our decision.

### d. Costs and Attorney Fees

Provenza also requests that attorney fees be awarded under 28 U.S.C. § 1447(c).[3] While the parties have touched on this issue in their papers, it would be helpful to the court to receive further briefing.

### CONCLUSION

We find that this case commenced when Provenza filed its complaint in the Eighth Judicial District Court for Clark County Nevada on February 19, 2002. Hence, Yamaha's notice of removal (# 1) is untimely under 28 U.S.C. § 1446(b) because it was filed on July 28, 2003, more than one year after the case commenced. Consequently, remand to that court is proper pursuant to 28 U.S.C. § 1447(c).[4]

*IT IS, THEREFORE, HEREBY ORDERED* that Provenza's Motion for Remand of Proceedings to State Court (# 8) is *GRANTED.* This case is remanded to the Eighth Judicial District Court for Clark County Nevada.

*IT IS FURTHER ORDERED* that the parties shall have fifteen (15) days from entry of this order within which time to file contemporaneous points and authorities on the issue of whether attorney fees and costs should be awarded to Provenza under 28 U.S.C. § 1447(c). The parties will thereafter have fifteen (15) days within which to respond to the points and authorities filed by opposing counsel.

**The Clerk shall enter judgment accordingly.**

*IT IS FURTHER ORDERED* that in light of this order, the hearing on Proven-

---

3. Section 1447(c) allows for the awarding of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

4. In light of this conclusion, we need not reach the issue of whether defendant Lemans Corporation properly joined in the notice of removal.

za's motion (# 8) set for November 13, 2003, is *VACATED.*