**Leo SHEPPARD, Plaintiff,**

v.

**WIRE ROPE CORP., Defendant.**

**File No. 91–534.**

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 20, 1991.

---

**2.** The plaintiffs' literal reading of the removal statute has been embraced by some district courts in other circuits. For instance, in *Hom v. Service Merchandise Co., Inc.*, 727 F.Supp. 1343 (N.D.Cal.1990), the court faced the same question as the one here. In *Hom*, plaintiffs made no attempt to serve the defendant until after the one-year period for removal had expired. The court held that because under both California and federal law an action is commenced when it is filed, section 1446(b) allows a plaintiff who files in California and then exercises patience in serving the complaint to prevent non-citizens of California from removing

the case to federal court based on diversity jurisdiction. *Id.* at 1344. The *Hom* court noted the well-established policy that removal statutes are to be strictly construed against removal and that where, as here, the statutory language is plain, the court need not consider the legislative history of the statute. *Id.* at 1344–45 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).

The Fourth Circuit has not ruled on this issue, and this Court believes that the authorities cited by the defendant are more persuasive.

Ronald S. Evans and Sheryl M. Ingram, Bremner, Baber & Janus, Richmond, Va., for plaintiff.

M. Pierce Rucker, William N. Watkins, and Allan M. Heyward, Jr., Sands, Anderson, Marks & Miller, Richmond, Va., for defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on the plaintiff's motion to remand this case back to state court. This case and a related case, *Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281 (E.D.Va.1991), were removed to federal court on or about September 20, 1991. For the reasons stated below, the plaintiff's motion is DENIED.

## FACTUAL BACKGROUND

Willard R. Saunders, III and Leo Sheppard allege that they sustained injuries when two wire rope slings broke at a construction site in Richmond on October 2, 1987. Approximately two years later, on

or about October 2, 1989, Mr. Saunders and Mr. Sheppard, Virginia citizens, filed separate Motions for Judgment in the Circuit Court for the City of Richmond seeking recovery for personal injury damages. The named defendants were Wire Rope Corporation of America ("Wireco"), a Connecticut corporation, and Torrence Company, Inc. ("Torrence"), a Virginia corporation.

At the wish of the plaintiff, defendant Wireco was not personally served in both cases until September 21, 1990. At the time of service, complete diversity did not exist because of the presence of Torrence and, therefore, removal was improper at that time. Wireco learned that the plaintiffs had settled with Torrence in August, 1991, and, when it became apparent that plaintiffs were not going to have orders dismissing Torrence entered, Wireco instigated the appropriate dismissal orders in the Circuit Court for the City of Richmond. Dismissal Orders were entered for Torrence in both cases on September 18, 1991. At that point, for the first time, there existed diversity of citizenship. On September 20, 1991, defendant Wireco filed its Notices of Removal in both the *Saunders* and the *Sheppard* cases. Counsel for the plaintiffs in both cases have filed substantially identical Motions for Remand.

## ARGUMENT

### A. *The Removal Statute*

The parties agree that the critical issue in this case is the proper interpretation and application of the limitation on removal of diversity cases contained in 28 U.S.C. § 1446(b). The pertinent portion of 28 U.S.C. § 1446(b) states:

If a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this*

*Title more than one year after commencement of the action.*

(emphasis added).

Wireco filed its Notices of Removal more than a year after the plaintiffs had filed their Motions for Judgment but less than a year after these motions were served. Wireco maintains that removal is authorized where notice was filed within 30 days of the event creating diversity and within one year after the plaintiff first made any bona fide effort to serve process. By contrast, the plaintiffs maintain that removal is not justified where notice is given more than one year from the commencement of the action, the filing of the law suit.

The prohibition of removal of diversity cases more than one year after "commencement" of the state court action was one of the changes wrought by the amendments to the removal statute contained in the Judicial Improvements and Access to Justice Act, P.L. 100–702, which became effective on November 19, 1988. The purpose of this limitation is revealed in the legislative history:

> Section (b)2 amends 28 U.S.C. 1446(b) to establish a one year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court.

134 Cong.Rec. § 16308–09. (1988).

The statute does not contain any specific guidelines to be utilized in determining when an action is "commenced" for purposes of applying the one year limitation on removal, but legislative history makes it clear that the limitation reflects a legislative judgment that more than one year of prosecution in state court will generate sufficiently substantial progress towards trial

to justify abridgment of the right to remove.

**B.** *Rule 3.3 of the Virginia Supreme Court*

To comply with 28 U.S.C. 1446(b), Wireco's notice of removal must have been filed no more than one year "after commencement" of the action in state court. The determination of the "commencement of the action" for the purpose of the one year limit on removal is governed by Virginia law. *See, e.g., Robinson v. J.F. Cleckley & Co.,* 751 F.Supp. 100, 104 (D.S.C.1990) (stating that "[i]t is abundantly clear that the terms of 28 U.S.C. § 1446(b) are to be defined by reference to state law").

Rule 3.3 of the Rules of the Virginia Supreme Court provides in pertinent part:

> (a) Commencement of Action.—An action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto.[1]

This rule provides that the action is commenced upon filing of the motion for judgment, not by service upon the defendant. The plaintiff claims that because Virginia law provides that an action is commenced upon the filing of the motion for judgment, then this particular action commenced on October 2, 1989, and removal is thus improper because complete diversity did not exist within a year of this date.

However, Rule 3.3 was enacted to determine whether a plaintiff has taken action which will toll a state's statute of limitations, not to decide whether removal is appropriate. The Virginia Supreme Court has never been called upon to determine whether a plaintiff's deliberate delay in causing the issuance and service of process will affect the date an action is deemed to have been commenced. In addition, the general thrust of Rule 3.3(c) appears to contemplate and encourage prompt, bona fide efforts to secure service on defendants once the action has been filed.

---

**1.** Rule 3.3 further provides:
(c) Form of the Notice ... No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

No construction of the facts supports the notion that, at the time of removal, the case had been proceeding towards trial in state court for more than one year. Until the defendant was served, it had no notice of, or opportunity to respond to, any action against them. The defendant claims that there is nothing in the plain language of section 1446(b), or in the legislative history, which reflects an intent to deprive defendants of their right to remove a diversity case to federal court where the case had, by reason of plaintiff's behavior, been proceeding towards trial for less than one year prior to the filing of the Notice of Removal.

## C. The Historical Right of Removal

Although removal jurisdiction is not mentioned in the Constitution, Congress has provided for the removal of cases from state to federal courts ever since the original Judiciary Act of 1789. The creation of the right of removal in diversity cases was designed to secure a competent and impartial tribunal for one who has been brought unwillingly into state court, the supposition being that the state tribunal may not be impartial between its own citizens and non-residents.

In cases construing the removal provisions as they existed prior to the 1988 amendments, the courts of this circuit have consistently subscribed to the view of Judge Chapman, then a district court judge, that "although the right of removal is a statutory right, it is a substantial right of the non-resident defendant." *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 335 (D.S.C.1979). *Heniford* involved a case in state court where the plaintiff's counsel effectively dismissed the only nondiverse defendant in his closing argument to the jury. The remaining nonresident defendant, arguing that the plaintiff never really had an adverse position to the nondiverse defendant, immediately filed its petition for removal. *Id.* at 332. In holding that removal was appropriate even at this late stage in the state court proceedings, Judge Chapman stated that:

> [w]hile this Court is mindful that removal statutes are to be strictly construed with regard to the jurisdiction of state

courts, the Court will not permit crafty trial tactics to deprive a nonresident defendant of a valid statutory right to removal.... Proper removal does no violence to state-federal relations.

*Id.* at 338.

As support for its holding, the court in *Heniford* referred to the Supreme Court's discussion ninety years earlier of the importance of a nonresident's right of removal in *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). In permitting the defendant to file a petition for removal after the time provided in the statute, then if effect, had elapsed, the Supreme Court in *Powers* commented as follows in upholding the removal:

> The reasonable construction of the act ... and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond [defendant's] control is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right....

*Id.* at 100–01, 18 S.Ct. at 267.

The reasoning behind the decisions in both *Powers* and *Heniford* dictates that removal in the present case should be upheld. Otherwise, the plaintiffs, by failing to serve the defendants and thereby move the case along, have earned the distinction of having devised the gameplan for circumventing removal. A resident plaintiff, who desires to pin down a nonresident corporate defendant in state court, merely must delay service of process by so directing the court clerk until nearly a year has expired. In such manner, the nonresident defendant could be totally deprived of its historical right to removal, although no substantial progress in state court had been made.

Litigation is not intended to be a game of chess. Congress did not intend plaintiffs, through gimmicks and artful maneuvering used in connection with the one year bar to removal, to straightjacket or deprive non-

resident defendants of their legitimate entitlements to removal.

Other district courts have also taken a view of the limitation in section 1446(b) as more congruent with the legislative intent which suggests that Congress intended to bar removal only in cases where substantial progress has been made in state court.[2] In *Kite v. Richard Wolf Medical Instruments*, 761 F.Supp. 597 (S.D.Ind.1989), a case involving the addition of a diversity destroying defendant who was later dismissed, the court stated

> The Court is concerned that if it applies the rule in such a rigid manner it will be opening the door to potential abuse of the rule, the effect of which will be to undermine the very purpose behind federal diversity jurisdiction. Clearly, Congress intended to exclude certain diversity cases from being held in federal court, but it is equally clear Congress did not intend to establish a rule which would allow plaintiffs to circumvent diversity jurisdiction altogether.... If the Court were to grant remands in cases such as this, the effect would be to encourage plaintiffs to manipulate the removal process and undermine Congressional intent to provide a federal forum to defendants who expediently seek removal to federal court....

*Id.* at 600–01.

Similarly, in *Greer v. Skilcraft*, 704 F.Supp. 1570, 1583 (N.D.Ala.1989), in a case where the defendant was not served until more than three years after the filing of the complaint, the court held that, although Alabama law considered an action commenced upon the filing of the complaint, the one year limitation period on

removal does not begin to run until the complaint has been filed and there has been a bona fide effort to have it served. "To hold otherwise would be to provide the plaintiff the power to prevent removal by manipulation and inaction. The one-year bar was intended to reduce, not encourage, delays in case adjudication." *Id.*

## CONCLUSION

The purpose of the one year bar is to prevent removal where substantial progress on the case has been made in state court. It was not intended to destroy the right of removal for out of state defendants, which the Supreme Court has said is an important statutory right. *See, e.g., Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 100–101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898). A holding that an action in Virginia is commenced for removal purposes upon the filing of the motion for judgment will allow plaintiffs to easily prevent the defendant's right to remove a case to federal court simply by withholding service of the motion for judgment. This is at odds with the intent of section 1446(b), which was designed to discourage delays and inefficiencies in litigation, not to promote them.

---

2. The plaintiffs' literal reading of the removal statute has been embraced by some district courts in other circuits. For instance, in *Hom v. Service Merchandise Co., Inc.*, 727 F.Supp. 1343 (N.D.Cal.1990), the court faced the same question as the one here. In *Hom*, plaintiffs made no attempt to serve the defendant until after the one-year period for removal had expired. The court held that because under both California and federal law an action is commenced when it is filed, section 1446(b) allows a plaintiff who files in California and then exercises patience in serving the complaint to prevent non-citizens of California from removing

the case to federal court based on diversity jurisdiction. *Id.* at 1344. The *Hom* court noted the well-established policy that removal statutes are to be strictly construed against removal and that where, as here, the statutory language is plain, the court need not consider the legislative history of the statute. *Id.* at 1344–45 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).

The Fourth Circuit has not ruled on this issue, and this Court believes that the authorities cited by the defendant are more persuasive.