**Nick ZUMAS, et al.**

v.

**OWENS–CORNING FIBERGLAS CORP.**

Civ. No. K–95–3382.

United States District Court,
D. Maryland.

Dec. 6, 1995.

Thomas P. Kelly, Theodore Flerlage, R. Bruce McElhone, and Andrew M. Cantor, Baltimore, Maryland, for plaintiffs.

Donald S. Meringer, and Gregory L. Lockwood, Baltimore, Maryland, for defendant.

FRANK A. KAUFMAN, Senior District Judge.

In the within case, defendant has filed a notice of removal, and plaintiffs have filed a motion to remand to state court. For the following reasons, this Court has granted plaintiffs' motion.

PROCEDURAL HISTORY

Plaintiffs Nick Zumas, et al., filed the within case in the Circuit Court for Baltimore City, Maryland, on November 4, 1994.[1] Originally, 31 parties were named as defen-

---

1. Plaintiffs have outlined the history of the state court case in their November 8, 1995 filing. Although that information perhaps was not presented to this court in appropriate form, in an on-the-record proceeding held on November 9, 1995, counsel for defendant and for Porter–Hayden, Inc., the settling defendant in the state court case, informed this Court that they had no objection to the form of that presentation. Furthermore, all counsel have stipulated as to the accurateness of the historical information presented in the said November 8, 1995 filing. That historical information is incorporated herein.

dants, including Owens–Corning, the single remaining defendant in the within case as of the time of removal to this Court on November 8, 1995. In accordance with the accepted procedure employed by the Clerk of the Circuit Court for Baltimore City, Maryland, after filing a complaint in a new action, plaintiffs waited to receive back from the Clerk's office a case number, together with a receipt for filing fees. That receipt indicates that the case number was assigned and provided to plaintiffs on November 17, 1994. On December 1, 1994, the writ of summons for defendant Owens–Corning was issued, and on December 6, 1994, that writ was served on Owens–Corning.

Pre-trial activity commenced with the issuance of a pre-trial scheduling order on April 3, 1995. Discovery was completed by early September, 1995. Pre-trial hearings were conducted for several days beginning September 12, 1995. Opening statements began on September 21, 1995, and the first evidence was presented to the jury on September 25, 1995. On or about November 1, 1995, plaintiffs informed all parties and Judge Angeletti, the trial judge in the Circuit Court, that plaintiffs would rest their case on November 13, 1995.

By November 7, 1995, only two defendants remained in the case—one, Owens–Corning, a diverse defendant, and the other, Porter–Hayden, a non-diverse defendant. On November 7, 1995, plaintiffs settled with that remaining non-diverse defendant, Porter–Hayden. On November 8, 1995, defendant Owens–Corning filed a notice of removal in this Court. Also on November 8, 1995, plaintiffs filed a motion to remand, and later that same day, defendant filed a response. This Court, with the agreement of counsel for both sides, scheduled a hearing on the motion for November 9, 1995. At that hearing, all sides were afforded the opportunity to present oral argument to this Court.[2] All

counsel stipulated to the accuracy of the copy of the state court file which this Court received from Judge Angeletti, and to the accuracy of the procedural history outlined in plaintiffs' November 8, 1995, filing.[3]

## LEGAL BACKGROUND

■ Under 28 U.S.C. § 1446(b), an action "may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action." Congress enacted that provision as part of the Judicial Improvements Act of 1988, and it became effective November 19, 1988. The legislative history of the Judicial Improvements Act indicates that Congress was concerned about removal of a case after substantial progress in state court proceedings:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court.... Removal late in the proceedings may result in substantial delay and disruption.

H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted* in U.S.Code Cong. & Admin. News 1988, pp. 5982, 6032–33.

■ Prior to the enactment of the Judicial Improvements Act, if a case became removable "during or even near the end of a state court trial, the defendant [could] still exercise his right to remove under § 1446(b)." *Johnson v. Celotex Corp.*, 701 F.Supp. 553, 554 (D.Md.1988). After enactment of the new provision, the key question became when an action "commenced" for the purposes of § 1446(b). Courts which have considered

---

**2.** Counsel representing Porter–Hayden attended that hearing, without objection from any party, and also were given the opportunity to make a presentation to this Court.

**3.** With the consent of counsel, this Court spoke with Judge Angeletti, the trial judge in the state court, and Judge Kaplan, the Administrative Judge of that court. Thereafter, Judge Angeletti

spoke with counsel and decided to continue with certain testimony in the state court trial during the pendency of the proceedings in this Court, so as to ensure an efficient conclusion to the state court proceedings, with the understanding that such evidence would be stricken if this case were not remanded by this Court to the Circuit Court.

that question have looked to the law of the state in which the state court action originated to determine when an action "commences." *See, e.g., Perez v. General Packer, Inc.,* 790 F.Supp. 1464, 1469 (C.D.Cal.1992) (California law); *Saunders v. Wire Rope Corp.,* 777 F.Supp. 1281, 1283 (E.D.Va.1991) (Virginia law); *Santiago v. Barre Nat., Inc.,* 795 F.Supp. 508, 510 (D.Mass.1992) (Massachusetts law).

In some cases, courts have concluded that under state law, an action commenced on the date when it was filed. *See, e.g., Perez,* 790 F.Supp. at 1469 (California law); *Rezendes v. Dow Corning Corp.,* 717 F.Supp. 1435, 1437 (E.D.Cal.1989) (same); *Santiago,* 795 F.Supp. at 510 (Massachusetts law).

In other cases, courts have said that, under certain circumstances, an action could "commence" for the purposes of § 1446(b) at some time after the filing of a complaint. In *Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala.1989), the plaintiff filed the complaint in state court in August, 1984, but the defendant was not served until March, 1988. The federal district court, after removal, applying Alabama law, denied the plaintiff's motion to remand and concluded that the one-year period did not begin to run until "the complaint has been filed and there has been a bona fide effort to have it served." *Id.* at 1583. In that case, Judge Pointer wrote that, "[t]o hold otherwise would be to provide the plaintiff the power to prevent removal by manipulation and inaction." *Id.* at 1583. In *Kite v. Richard Wolf Medical Instruments Corp.,* 761 F.Supp. 597 (S.D.Ind.1989), the defendant initially removed the case within one month after the complaint was filed. Six months later, the plaintiff amended his complaint and added a diversity-destroying defendant, and the district court accordingly remanded the case. Nearly three years later, the plaintiff agreed to dismiss the case against the diversity-destroying defendant. Within one month thereafter, the defendant again removed the case. The federal district court, applying Indiana law, said that an action there did not "commence" until "the complaint is filed and a summons has been issued." *Id.* at 599. Judge Brooks wrote that "[if] the Court were to grant remands in cases such as this, the effect would be to encourage plaintiffs to manipulate the removal process and undermine Congressional intent to provide a federal forum to defendants who expediently seek removal to federal court in diversity jurisdiction cases." *Id.* at 601. In *Saunders v. Wire Rope Corp.,* 777 F.Supp. 1281, 1282 (E.D.Va.1991), "[a]t the wish of the plaintiff," the defendant was not served until nearly two years after the action was filed. The federal district court, applying Virginia law, suggested that an action does not commence for removal purposes until "substantial progress" has been made in state court. *Id.* at 1284–85. Judge Williams wrote that a contrary holding would "allow plaintiffs to easily prevent the defendant's right to remove a case to federal court simply by withholding service" of the complaint. *Id.* at 1285.

## APPLICATION OF LAW

In the within case, this Court looks to Maryland law to determine when an action "commences." Under Maryland law, a civil action "is commenced by filing a complaint with a court." Maryland Civil Rule 2–101(a). That rule is consistent with the normal meaning of the word "commenced." Apparently, then, the Maryland state court action commenced on November 4, 1994, when plaintiffs filed suit. Defendant's notice of removal, filed with this Court on November 8, 1995, therefore, was filed more than a year after commencement of the action.

Furthermore, unlike in *Greer, Kite* and *Saunders,* plaintiffs here have not manipulated the removal process to prevent defendant from removing this case to federal court. Although service did not occur until December 6, 1994—which was less than a year before defendant filed notice of removal—the record does not indicate that plaintiffs were to blame for any delay. Indeed, plaintiffs moved with all reasonable speed in accordance with the applicable state court procedures governing service upon defendant and the prosecution of the case. Furthermore, at the time they filed the complaint, plaintiffs apparently had no reason to delay service. Although in some instances, it may be necessary to conclude, as certain courts have done, that delays by a plaintiff in completing ser-

**134**

vice advances the "commencement" date to the date of service or to some other date, here, where plaintiffs are not responsible for any delay, and no delay occurred, no such result appears warranted.

This Court's conclusion that this case should be remanded to the state court is in keeping with the principles of comity which underlie § 1446(b). In diversity cases, "concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created." *Hom v. Service Merchandise Co., Inc.,* 727 F.Supp. 1343, 1345 (N.D.Cal.1990) (citations omitted). In that light, as the legislative history to § 1446(b) indicates, the one-year limit was designed to reduce the likelihood of "delay and disruption" resulting from removal late in a state court proceeding. Here, more than substantial progress had been made in the state court case; a long trial was near its end. To allow removal at such a stage would create the very type of "delay and disruption" the amendment was designed to reduce.

Courts have split as to whether the one-year rule imposes a jurisdictional limitation. Some courts have concluded that it does, and therefore must be strictly observed. *See Whisenant v. Roach,* 868 F.Supp. 177, 178 (S.D.W.Va.1994); *see also Brock v. Syntex Laboratories,* 1993 WL 389946 (6th Cir.1993) (unpublished disposition). Others have concluded that the rule involves a procedural question which may be waived. *Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513, 516 (5th Cir.), *cert. denied,* 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 536 (1992).

Under the circumstances of this case, this Court need not reach the issue of whether the one-year rule is purely jurisdictional in nature. Maryland law indicates that a suit commences when it is filed, and the facts of this case do not suggest that plaintiffs have in any way engaged in manipulation to prevent defendant from removing it to federal court. Accordingly, this Court has remanded the case to the Circuit Court for Baltimore City.