**LEXINGTON MARKET, INC., Plaintiff,**

v.

**DESMAN ASSOCIATES, Defendant.**

**Case No. RDB 08–3171.**

United States District Court, D. Maryland.

Feb. 24, 2009.

---

2. The Order denying Defendant's motion was   entered on December 1, 2008.

George A. Nilson, Suzanne Sangree, Baltimore City Law Department, Baltimore, MD, Justin J. King, Law Offices of Justin J. King, Towson, MD, for Plaintiff.

Robert Noon Kelly, Jackson and Campbell PC, Washington, DC, for Defendant.

### MEMORANDUM OPINION

RICHARD D. BENNETT, District Judge.

Plaintiff Lexington Market originally filed this action in the Circuit Court for Baltimore City, alleging various state law claims related to inadequate garage repairs conducted by Defendants Desman Associates ("Desman") and Eastern Waterproofing & Restoration Company, Inc. ("Eastern"). The case was removed to this Court shortly after the nondiverse defendant, Eastern, settled with Lexington Market. Now pending is Lexington Market's Motion to Remand (Paper No. 11). The motion has been fully briefed and this Court conducted a hearing to address the pending motion on February 10, 2009. For the reasons stated herein, Lexington Market's motion is GRANTED.

### BACKGROUND

Plaintiff Lexington Market, a Maryland corporation with its principal place of business in Baltimore, Maryland, and Defendant Desman, a Delaware corporation with its principal place of business in New York, New York, entered into two contracts, dated March 3, 2004 and April 1, 2004, in which Desman agreed to evaluate a parking garage operated by Lexington Market and provide for necessary repairs. (Compl. ¶ 4.) Lexington Market accepted Desman's third proposal in September 2004 pursuant to which Desman drew up bid documents to secure a contractor. (Id. ¶ 4.) Defendant Eastern, a Maryland corporation, secured the bid and entered into a contract with Lexington Market to perform the repairs. (Id.) Eastern commenced work on the garage on March 7, 2005. (Id. ¶ 10.) Although the repairs were completed in October 2006, there were continued problems with the garage that created sub-par conditions. (Id. ¶¶ 10, 11.)

On April 20, 2007, Lexington Market sent Desman written notice of its claims related to the inadequate repairs performed on the garage. (Pl.'s Mem. Supp. Remand 2.) Lexington Market filed a Complaint in the Circuit Court for Baltimore City on June 29, 2007, naming Desman and Eastern as Defendants. Notably, however, Desman was never served with the Complaint. (Def.'s Resp. 3.) Plaintiff's counsel represented at the February 10, 2009 hearing that the Complaint was filed on June 29, 2007 to preserve the asserted claims under the applicable statute of limitations, and that the failure to serve Desman was inadvertent oversight on her

part. On March 18, 2008, Lexington Market proposed a settlement offer to both Defendants, which Eastern eventually accepted several months later on June 5, 2008. (Pl.'s Mem. Supp. Remand 2.)

On both June 6, 2008 and June 13, 2008, Lexington Market requested via letter that Desman participate in a one-day mediation session to resolve the ongoing claims against it. (*Id.* Ex. B, C.) Desman responded to the Lexington Market's letter on June 23, 2008, requesting additional time to contact an insurance carrier and consult with counsel. (*Id.* Ex. D.) In an email sent to Lexington Market's counsel on July 18, 2008, counsel for Desman[1] disclaimed any and all liability and asserted various defenses that it intended to pursue. (*Id.* Ex. I.) Plaintiff's counsel responded by sending counsel for Desman a courtesy copy of the initial Complaint. (*Id.*)

On July 31, 2008, Lexington Market filed its First Amended Complaint against only Desman, which reflected the fact that Eastern, the non-diverse defendant, had settled on June 5, 2008. On October 24, 2008, service was effectuated, representing the first time service was made upon Desman. On November 24, 2008, Desman removed the action to this Court and, on December 10, 2008, Lexington Market filed the pending Motion to Remand. (Paper No. 11.)

## STANDARD OF REVIEW

As the removing party, the defendant bears the burden to prove that this Court has federal jurisdiction. *Lloyd v. General Motors Corp.*, 560 F.Supp.2d 420, 422 (D.Md.2008). This includes establishing compliance with the removal statute requirements. *See Marler v. Amoco Oil Co.*, 793 F.Supp. 656, 658–59 (E.D.N.C.

1992) ("Defendant bears the burden of establishing the right to removal, including compliance with the requirements of [28 U.S.C.] § 1446(b)."). Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court. *Id.* Therefore, all doubts are resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

## DISCUSSION

### A. One–Year Limitation On Removal In 28 U.S.C. § 1446(b)

The second paragraph of section 1446(b) provides as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other papers from which it may be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). In cases such as this where the initial pleading does not contain a jurisdictional basis for removal, section 1446(b) provides for two discrete time requirements. The first requirement, which is not implicated in this particular case, is that a notice of removal must be filed in federal district court within thirty days after it is first ascertained that the case is removable. The second requirement is that, in those cases in which removal is

---

1. The attorney that drafted the June 18, 2008 letter has since been replaced by Desman with current counsel of record.

based on diversity of citizenship, *see* 28 U.S.C. § 1332, a notice of removal may not be filed more than one year "after commencement of the action." 28 U.S.C. § 1446(b).

It is this second requirement on which the parties have hinged their legal dispute in this case. Lexington Market filed this case on June 29, 2007, but never served Desman with the Complaint. After months of ongoing settlement discussions, Lexington Market reached an agreement with the nondiverse Defendant on June 6, 2008, before the one-year anniversary of the inception of the suit. Lexington Market filed an Amended Complaint naming only Desman, a diverse party, on July 31, 2008. Desman filed a Notice of Removal to this Court on November 24, 2008, thirty days after being served with the Amended Complaint on October 24, 2008.

■ The one-year time limitation for removal of diversity cases has been addressed on several occasions by this Court, most notably in *Zumas v. Owens–Corning Fiberglas Corp.*, 907 F.Supp. 131 (D.Md. 1995) and *Sledz v. Flintkote Co.*, 209 F.Supp.2d 559 (D.Md.2002). Based on these cases, it is clear that this Court looks to the law of the State of Maryland to determine when the action "commences" under 28 U.S.C. § 1446(b). *Zumas*, 907 F.Supp. at 132–33. It is well established that an action commences under Maryland law on the date that the initial complaint is filed. In *Zumas*, the initial complaint against thirty-one defendants was filed in the Circuit Court for Baltimore City on November 4, 1994. *Zumas*, 907 F.Supp. at 131–32. After the last non-diverse defendant settled on November 7, 1995, Owens–Corning promptly filed a notice of removal on November 8, 1995. *Id.* at 132. Judge Kaufman of this Court remanded the case, holding as follows:

> Under Maryland law, a civil action "is commenced by filing a complaint with a court." [citing what is now Maryland Rule of Civil Procedure § 2–101(a)]. That rule is consistent with the normal meaning of the word "commenced." Apparently, then, the Maryland state court action commenced on November 4, 1994, when plaintiffs filed suit. Defendant's notice of removal, filed with this Court on November 8, 1995, therefore, was filed more than a year after commencement of the action.

*Id.* at 133.[2]

This holding was explicitly relied upon in *Sledz*, in which Judge Davis of this Court was asked to determine whether the initial complaint commenced the action, as the plaintiff argued, or whether the fourth amended complaint commenced the action, as the defendant argued. The initial complaint was filed on March 28, 2001 against twenty-four defendants, some of which were not diverse. *Sledz*, 209 F.Supp.2d at 560. Flintoke was added as a defendant in a fourth amended complaint filed on January 11, 2002, and filed its notice of removal on June 17, 2002. *Id.* Judge Davis remanded the case back to state court after determining that the initial complaint commenced the action under 28 U.S.C. § 1446(b). He explained that "a civil action commences 'by filing a complaint with a court'" under Maryland law. *Sledz*, 209

---

**2.** In *Zumas*, this Court distinguished the holdings of three other district court opinions because the state law applied in those cases provided that an action did not commence until a complaint was filed *and* the defendant had been served. *See Zumas*, 907 F.Supp. at 132 (distinguishing *Greer v. Skilcraft*, 704 F.Supp. 1570 (N.D.Ala.1989) (Alabama law); *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F.Supp. 597 (S.D.Ind.1989) (Indiana law); and *Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281, 1282 (E.D.Va.1991) (Virginia law)). Unlike the law in those states, Maryland law does not require service of process for an action to commence.

F.Supp.2d at 562 (citations omitted). Moreover, "under Maryland law, service of process upon a defendant is not a requirement for the 'commencement' of an action." *Id.*

■ The application of this well-established case law to the facts before this Court is straightforward. Maryland law still provides simply that "[a] civil action is commenced by filing a complaint with a court." Md. Rule § 2–101(a). Lexington Market filed its initial Complaint against Eastern and Desman in the Circuit Court for Baltimore City on June 29, 2007. Even though Eastern was not a diverse party, and despite the fact that Desman was not served with the initial complaint, the one-year time limitation under 28 U.S.C. § 1446(b) began to run on June 29, 2007, the date the Complaint was filed. This case did not commence when Lexington Market filed its Amended Complaint on July 31, 2008 against only Desman, the filing of which created complete diversity for the first time. Desman's Notice of Removal, filed on November 24, 2008, was consequently untimely as it occurred "more than [one] year after commencement of the action." 28 U.S.C. § 1446(b).

## B. Equitable Exceptions To The One–Year Limitation

■ Notwithstanding the fact that Desman filed its Notice of Removal "more than [one] year after commencement of the action" under 28 U.S.C. § 1446(b), Desman argues that this Court should find as a matter of law that the one-year limitation is only a procedural bar to removal, not a jurisdictional limitation. If the one-year limitation is procedural, as Desman argues, then it is subject to equitable principles, which Desman urges this Court to apply. If, on the other hand, the one-year limitation is jurisdictional, the bar is absolute, with no equitable exceptions.

Courts that have directly addressed this issue have reached divergent results. The only two circuit courts of appeal to have resolved this issue in published opinions have found that the one-year limitation in 28 U.S.C. § 1446(b) presents only a procedural bar to removal. *See Tedford v. Warner–Lambert Co.*, 327 F.3d 423, 426 (5th Cir.2003) (holding that "[s]ection 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit"); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614–16 (3d Cir.2003) (finding that the "failure to remove within the one-year time limit established by [section] 1446(b) is not a jurisdictional defect"). There is, however, significant support for the contrary position in the federal district courts that have addressed this issue. *See, e.g., Caudill v. Ford Motor Co.*, 271 F.Supp.2d 1324, 1327 (N.D.Okla.2003) (collecting cases supporting both positions, and ultimately concluding that the one-year limitation of section 1446(b) poses a jurisdictional bar because "[f]ederal removal jurisdiction is statutory in nature and is to be strictly construed").

This Court has not yet resolved this legal question in a published opinion.[3] In both *Zumas* and *Sledz,* this Court found that, assuming *arguendo* that the one-year limitation was procedural, there was no factual basis to equitably toll the limitations. In *Zumas,* this Court wrote as follows:

---

3. In a brief, unpublished opinion, Judge Motz of this Court applied equitable principles to bar the plaintiff from raising the one-year limitation under 1446(b). *Wise v. Gallagher Bassett Servs.*, 02–2323, 2002 WL 2001529, at *1, 2002 U.S. Dist. LEXIS 16286, at *2–3 (D.Md. Aug. 27, 2002). In that case, Judge Motz impliedly found, but did not specifically hold, that the one-year limitation is procedural.

Under the circumstances of this case, this Court need not reach the issue of whether the one-year rule is purely jurisdictional in nature. Maryland law indicates that a suit commences when it is filed, and the facts of this case do not suggest that plaintiffs have in any way engaged in manipulation to prevent defendant from removing it to federal court.

*Zumas,* 907 F.Supp. at 134 (citations omitted). For the same reason, this Court in *Sledz* chose not to resolve the legal question, although it did classify the position that the one-year limitation can be deemed waived by a district judge as "dubious." *Sledz,* 209 F.Supp.2d at 564.

The United States Court of Appeals for the Fourth Circuit, however, has strongly intimated that the one-year limitation in section 1446(b) is jurisdictional. In *Lovern v. General Motors Corporation,* 121 F.3d 160 (4th Cir.1997), the state court complaint did not clearly indicate that the parties were diverse (even though they were diverse), and the defendant eventually removed within thirty days after it "ascertained that the case is one which is or has become removable." 18 U.S.C. § 1446(b). Although plaintiff argued that the case was initially removable under section 1446(b), and therefore the notice of removal needed to be filed within thirty days after the complaint was filed, the court held that "the statute does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint." *Lovern,* 121 F.3d at 162. In cases involving diversity jurisdiction, the court was persuaded that its holding would not cause "strategic delay interposed by a defendant in an effort to determine the state court's receptivity to his litigating position" because, notably, "the statute explicitly safeguards against such a strategic delay by

erecting an *absolute bar to removal* of cases in which jurisdiction is premised on 28 U.S.C. § 1332 'more than 1 year after commencement of the action.' " *Id.* at 163 (emphasis added) (citing 28 U.S.C. § 1446(b)).

The Fourth Circuit's unequivocal position in *Lovern* that the one-year limitation poses "an absolute bar to removal" cannot be reconciled with the position taken by other courts that the one-year limitation "is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford,* 327 F.3d at 426. An "absolute bar to removal" is necessarily "inflexible." Other district courts within this circuit have similarly interpreted *Lovern. See U.S. Airways, Inc. v. PMA Capital Ins. Co.,* 340 F.Supp.2d 699, 708 n. 13 (E.D.Va.2004) (citing *Lovern,* and concluding that "although it is not decided here, it seems unlikely that the Fourth Circuit would adopt such an exception to § 1446(b)'s 'absolute bar' to removal"). *Culkin v. CNH Am., LLC,* No. 08–1066, 598 F.Supp.2d 758, 760–61, 2009 WL 196359, at *3, 2009 U.S. Dist. LEXIS 4775, at * 8 (E.D.Va. Jan. 23, 2009) (surveying case law and finding that "equitable tolling is likely not available within this [c]ircuit"); *Mantz v. St. Paul Fire & Marine Ins. Co.,* No. 03–0506, 2003 WL 21383830, at *2, 2003 U.S. Dist. LEXIS 10123, at *5 (S.D.W.Va. June 13, 2003) ("The Fourth Circuit has said plainly that 'in diversity cases, the statute [28 U.S.C. § 1446(b) ] ... erects an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 'more than 1 year after commencement of the action.' ... This blanket prohibition has been recognized repeatedly in this district ....' " (citation to *Lovern* omitted)); *but see Rauch v. Rauch,* 446 F.Supp.2d 432, 435–36 (D.S.C.2006) (representing the lone case that addressed *Lovern* yet ap-

plied an equitable exception to the one-year limitation).[4]

■ Moreover, this Court may not lightly disregard the Fourth Circuit's clear language even if it is considered dictum—in fact, "[o]nly when a district court is convinced that its court of appeals' dictum is clearly incorrect should the dictum be disregarded." *Branch v. Coca–Cola Bottling Co. Consol.*, 83 F.Supp.2d 631, 635 (D.S.C.2000) (Shedd, J.). Indeed, this Court had previously noted that "dictum from the court of appeals should be considered presumptively correct by the district courts within that circuit." *Gee v. Lucky Realty Homes, Inc.*, 210 F.Supp.2d 732, 735 (D.Md.2002) (quoting *Branch*, 83 F.Supp.2d at 635).

Furthermore, this Court finds that the plain language of section 1446(b) counsels strongly in favor of finding that the one-year bar is jurisdictional. The relevant portion of section 1446(b) provides plainly that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). It provides for no exceptions, and therefore leaves no room for judicial discretion.[5] *See U.S. Airways*, 340 F.Supp.2d at 708 n. 13 ("[I]t is generally for Congress to craft a legislative exception to a statute and not for the courts to adopt a judicially-crafted exception to a statute, particularly where, as here, Congress easily could have foreseen and avoided any inequitable consequences of the plain language of the statute."). Therefore, based on *Lovern* and the unambiguous language contained in 28 U.S.C. § 1446(b), this Court is constrained to conclude that the one-year limitation is juris-

---

4. Two cases from the Eastern District of Virginia—*Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281 (E.D.Va.1991) and *Sheppard v. Wire Rope Corp.*, 777 F.Supp. 1285 (E.D.Va.1991)—applied equitable tolling to the one-year limitation, but both cases predate *Lovern* and have not been followed by subsequent cases decided after *Lovern*.

5. The legislative history of section 1446(b) further supports finding that the one-year limitation is jurisdictional:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. *The result is a modest curtailment in access to diversity jurisdiction.* The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court.

H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted in* U.S.Code Cong. & Admin. News 1988, pp. 5982, 6032–33 (emphasis added). The United States Courts of Appeals for the Eleventh Circuit has explained, in dicta, as follows:

The Commentary to the 1988 Revisions of 28 U.S.C. § 1446(b) shows that [C]ongress knew when it passed the one year bar on removal that some plaintiffs would attempt to defeat diversity by fraudulently (and temporarily) joining a non-diverse party. In that case, as long as there is some possibility that a non-diverse joined party could be liable in the action, there is no federal jurisdiction. But, under section 1446(b), if, after one year, the plaintiff dismisses the non-diverse defendant, the defendant cannot remove. So, a plaintiff could defeat jurisdiction by joining a non-diverse party and dismissing him after the deadline. Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n. 12 (11th Cir.1994); *see also Santiago v. Barre Nat., Inc.*, 795 F.Supp. 508, 510–12 (D.Mass.1992) ("[T]he Act's legislative history reinforces the interpretation that the one-year bar is absolute. The impetus for the one-year limitation came from a congressional attempt to limit the diversity jurisdiction of the federal courts. When total elimination of diversity jurisdiction proved too controversial, Congress took the intermediate step of imposing, *inter alia*, the one year limit.").

dictional, and that equitable considerations are consequently inapplicable.

The one-year limitation contained in section 1446(b), interpreted as a jurisdictional requirement barring all diversity cases one year after commencement, may engender a certain amount of statutorily permissible procedural gamesmanship.[6] When permissible procedural gamesmanship crosses over into unethical chicanery, however, defendants seeking removal into federal court are not entirely without recourse. A diverse defendant may still remove to federal court under the auspice of the fraudulent joinder doctrine, so long as both time limitations in section 1446 are met.[7] Under the fraudulent joinder doctrine, "a district court can assume jurisdiction over a case even if, *inter alia*, there are nondiverse named defendants at the time the case is removed. This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999) (citations omitted). Because there is absolutely no indication of fraudulent joinder in this case, this Court need not delve into the precise contours of the fraudulent joinder doctrine as it relates to removal under 28 U.S.C. § 1446.

Therefore, this Court finds that Desman's Notice of Removal was filed more than one year "after commencement of the action," and that, because the one-year limitation of section 1446(b) poses a jurisdictional bar to removal, equitable considerations cannot be utilized to excuse this tardiness.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Paper No. 11) is GRANTED. A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this 24th day of February 2009, ORDERED that:

1. Plaintiff Lexington Market Inc.'s Motion to Remand (Paper No. 11) is GRANTED;

2. All further proceedings in this case are remanded to the Circuit Court for Baltimore City;

3. Copies of this Order and the accompanying Memorandum Opinion shall be sent to counsel of record and the

---

**6.** This Court has previously noted that "a plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." *Sledz*, 209 F.Supp.2d at 564. It has also been judicially acknowledged that "many plaintiffs' attorneys include in diversity cases a nondiverse defendant only to non-suit that very defendant after one year has passed in order to avoid the federal forum." *Linnin v. Michielsens*, 372 F.Supp.2d 811, 824 (E.D.Va. 2005). Although this practice is disconcerting to this Court, it is nonetheless an unavoidable corollary to Congress's policy decision as expressed in the statutory language. *Cf. Royer v. Harris Well Service, Inc.*, 741 F.Supp.

1247, 1249 (M.D.La.1990) ("While the one year limitation could lend itself to abuses and inequities, it is for the Congress and not this Court to rewrite the provisions of section 1446(b).").

**7.** Of course, under section 1446, the fraudulent joinder doctrine is not available beyond one year "after commencement of the action," and it must also be asserted within thirty days after receipt of the initial pleading or, "[i]f the case stated by the initial pleading is not removable," within thirty days of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Therefore, defense counsel bears a burden of diligence.

Clerk of the Circuit Court for Baltimore City; and that the Clerk of Court forthwith transmit the record herein to the Clerk of the Circuit Court for Baltimore City; and

4. The Clerk of Court shall CLOSE this case.