Thomas A. **MOULTROP** and Patricia Guy Moultrop, plaintiffs,

v.

**GEICO GENERAL INSURANCE COMPANY, defendant.**

**Case No. 12–80234–CIV–HURLEY.**

United States District Court, S.D. Florida.

April 25, 2012.

Todd Stephen Stewart, The Law Offices of Todd S. Stewart, PA, Jupiter, FL, William Eugene Johnson, William E. Johnson, P.A., West Palm Beach, FL, for plaintiffs.

Seth Brian Burack, Rory Eric Jurman, Fowler White Burnett, P.A., Fort Lauderdale, FL, for defendant.

## ORDER REMANDING ACTION TO THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA & CLOSE-OUT

DANIEL T.K. HURLEY, District Judge.

**THIS CAUSE** is before the court upon the Moultrop plaintiffs' motion for remand [DE #3]. After carefully reviewing the motion, together with the response in opposition by defendant GEICO General Insurance Company ("GEICO") [DE #7], GEICO's supplemental response [DE# 9-1] and plaintiffs' reply [DE# 10], the court concludes that this action was improvidently removed from state court and accordingly must be remanded.

## I. Background

Plaintiff Thomas Moultrop, a citizen of Florida, was injured in an automobile accident on June 15, 2009. On December 22, 2009, Mr. Moultrop filed suit in Florida state court against Ansel Pericles, the underinsured driver of the other vehicle involved in the accident, and GEICO, a citizen of Maryland, which at the time of the accident insured plaintiff under an automobile insurance policy providing $50,000.00 of uninsured/underinsured (UM) coverage. Mr. Moultrop's wife, Patricia Guy Moultrop, was also named as party plaintiff in this suit.

On January 28, 2010, the Moultrops voluntarily dismissed the tortfeasor (Pericles) from the suit. [Although complete diversity of citizenship then existed between the remaining parties, at that juncture the amount in controversy presumably corresponded to the $50,000.00 limits of insurance available under the policy, and hence did not meet the $75,000.00 threshold for diversity jurisdiction in federal court.]

On August 4, 2010, the jury returned a verdict on the Moultrops' UM claim against GEICO, fixing the plaintiffs' damages at $403,005.00. After adjustment for a 10% comparative negligence finding, the net verdict amounted to $362,704.50.

On August 13, 2010, GEICO filed a motion for new trial. On August 20, 2010, plaintiffs moved to amend their complaint to add a first party bad faith claim against GEICO.

On August 23, 2010, the state court entered a partial final judgment against GEICO in the amount of $50,000.00, the limits of UM insurance benefits available under the Moultrops' policy.

Also on August 23, 2010, the state court granted the Moultrops' motion to amend their complaint, with proviso that "any cause of action for bad faith shall be abated until all appellate remedies have been exhausted." The plaintiffs accordingly filed an amended complaint adding their bad faith claim against GEICO on August 26, 2010.

On August 31, 2010, the state trial court denied GEICO's motion for new trial. GEICO appealed, and on January 25, 2012, the Florida Fourth District Court of Appeal issued its order affirming the trial court's denial of GEICO's motion for new trial. *GEICO General Ins. Co. v. Moultrop*, 2012 WL 208751 (Table), 77 So.3d 1273 (Fla. 4th DCA 2012). On February 10, 2012, the Fourth District Court of Appeal issued its corresponding mandate affirming the judgment of the trial court.

On March 1, 2012, GEICO removed the bad faith claim to this court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. The case is now before the court on the Moultrops' motion for remand.

## II. Discussion

Because federal courts are courts of limited jurisdiction, the removal statutes are strictly construed, *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999), with all doubts resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Univ. of S. Ala.*, 168 F.3d at 411.

As the removing party, GEICO bears the burden of proving that this Court has federal jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir.2001). This includes establishing compliance with the removal statute requirements.

In this case, it is uncontested that the parties are of diverse citizenship and that the amount in controversy on the remaining insurance bad faith claim now exceeds $75,000.00, thus satisfying the twin predicates for the exercise of diversity jurisdiction under 28 U.S.C. § 1332. The key issue is whether GEICO has satisfied the procedural requirements for removal.

The Moultrops contend that removal was untimely under the repose provision of 28 U.S.C. § 1446(b) because GEICO did not remove the action within one year after commencement of plaintiff's original lawsuit against GEICO which was filed on December 22, 2009.

At all times relevant to this action, the second paragraph of Section 1446(b) provided:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days. after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity jurisdiction] more than 1 year after commencement of the action.[1]

In an effort to avoid the repose language of § 1446(b), GEICO contends that the Moultrop's bad faith claim is "separate and independent" from plaintiff's underlying first-party claim which derives from GEICO's contractual obligation to perform under its policy. Because a statutory bad faith claim does not exist until the underlying first party action on the policy has

been resolved in favor of the insured, *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So.2d 1216, 1235 (Fla. 2006); *Blanchard v. State Farm Mutual Auto. Ins. Co.*, 575 So.2d 1289 (Fla.1991), it contends that a different commencement date should apply to the Moultrops' later added bad faith claim, thereby permitting its removal within 30 days of the time the judgment on the underlying contract claim became final through exhaustion of appellate processes.

More specifically, GEICO contends that plaintiff's bad faith action commenced on February 10, 2012, the date on which the Fourth District Court of Appeals issued its mandate affirming the state court's judgment on the underlying UM contract claim, and that its notice of removal, filed March 1, 2012, was timely filed in this court within thirty days of that event.

## A.  One–Year Limitation on Removal in 28 U.S.C. § 1446(b)

The second paragraph of Section 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion order or other paper from which it may first be ascertained that the case is one which is or has

---

1.  Following a December 7, 2011 amendment to the removal statute, the repose language of the statute now appears at 28 U.S.C. § 1446(c)(1), and provides:

    (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

    Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub L. No. 112–63, § 103(b), 125 Stat. 760 (2011).

However, the 2011 Amendment only applies to actions commenced on or after the Act's effective date. The Act specifies that it will "take effect upon the expiration of the 30–day period beginning on the date of the enactment of this Act" and that it will "apply to ... any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after such effective date." Pub.L. 112–63, § 205.

Since the Moultrops' action against GEICO "commenced" in state court on December 22, 2009, as more particularly discussed *infra*, the 2011 Amendment is inapplicable to this suit.

become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity of citizenship] more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Where, as in this case, the initial pleading does not contain a jurisdictional basis for removal, § 1446(b) prescribes two distinct time requirements. The first requirement is that a notice of removal must be filed in federal district court within thirty days after it is first ascertained that the case is removable. The second requirements is that, in those cases in which removal is based on diversity of citizenship, a notice of removal may not be filed more than one year "after commencement of the action." 28 U.S.C. § 1446(b).

It is the second requirement[2] on which the legal dispute in this case hinges. GEICO effectively contends that language in § 1446(b) is claim specific, and that for removability purposes, the bad faith action at issue here commenced after plaintiffs filed their amended complaint in state court *and* the underlying judgment on the UM contract claim became final through exhaustion of appellate remedies, thereby resetting § 1446(b)'s one-year repose period.

■ The court disagrees. In general, when an action is "commenced" for purposes of the removal statutes is determined by the law of the state where a removed action originally was filed. *See Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 750–51 (7th Cir.2005), citing *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir.1989). Under the law of Florida, where this action was initially filed, a civil action is deemed to have "commenced" on the date the initial complaint is filed. *See* Fla. R. Civ. P. 1.050 ("Every action of a civil nature shall be deemed commenced when the complaint ... is filed...."); *Szabo v. Essex Chemical Corp.*, 461 So.2d 128 (Fla. 3d DCA 1984)(action is commenced in Florida by the filing of a complaint); *James Estate by James v. Martin Memorial Hospital*, 422 So.2d 1043 (Fla. 4th DCA 1982). *See also* Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court.").

■ Further, "[e]ven when an action includes multiple claims by various plaintiffs against multiple defendants, the commonly understood meaning of the "commencement of the action" is when the original complaint is filed that sets in motion the resolution of all claims, even though an action often includes the addition of new claims and parties as the action progresses." *Lopez v. Robinson Aviation (RVA), Inc.*, 2010 WL 3584446 (S.D.Fla. 2010). Thus, the plain language of § 1446(b) suggests that "commencement of the action" means the filing of the original complaint that sets in motion the resolution of all claims that may be properly disposed of in the action. *Id.* at *2. *See also Loellke v. Moore*, 2012 WL 253373 (S.D.Ill.2012)(case is commenced for pur-

---

2. The Moultrops' amended state court complaint (asserting the first party bad faith claim) filed August 26, 2010 clearly reveals an amount in controversy which exceeds $75,000.00, and hence arguably was the first "order or other paper" from which GEICO may have ascertained that the case had become removable, thus triggering the initial 30–day filing requirement.

However, measured from the filing date of the Moultrops' original complaint against GEICO, by that time the one-year repose period had already expired.

GEICO avoids this statutory bar only if it successfully establishes a different "commencement" date for the Moultrops' bad faith claim. For reasons discussed *infra*, it fails to establish this critical underpinning to its removal analysis.

poses of one year repose period on date it was originally filed in state court); *Lexington Market, Inc. v. Desman*, 598 F.Supp.2d 707 (D.Md.2009)(case commenced under Maryland law on date original complaint was filed, rather than date plaintiff filed amended complaint which created complete diversity for first time).

■ The court accordingly concludes that "commencement of the action" under § 1446(b) occurs when an original complaint is filed, and that the addition of a new claim does not reset the one-year limitation period. *See Lopez* and cases cited *infra.* Applying this definition here, this case was commenced for removal purposes on December 22, 2009, when it was originally filed in state court. It did not "commence" when the Moultrops filed an amended complaint asserting a bad faith claim against GEICO on August 26, 2010, nor did it "commence" in February 12, 2012 when the state appellate court issued its mandate affirming the judgment of the trial court on the underlying contract claim.[3] GEICO's notice of removal filed March 1, 2012, was consequently untimely, as it occurred well over one year after the case was commenced in state court. 28 U.S.C. § 1446(b).

### B. Removal of Separate and Independent Claims Under § 1441(c)

■ GEICO seeks to avoid remand by casting the Moultrops' bad faith claim as a new, separate and independent claim from the underlying contract claim, contending that such a claim logically carries a new "commencement" date corresponding to the date that the bad faith claim ripened, a date it pins at February 12, 2012, when the Fourth District Court of Appeals issued its mandate affirming the trial court's denial of GEICO's motion for new trial.

Although the Eleventh Circuit has not ruled on the issue, there are numerous district court decisions which accept this position, concluding that the submission of an amended pleading adding a bad faith insurance claim functionally operates as commencement of a new and separate claim which avoids the one-year repose period for removal to federal court. *See e.g. Love v. Property & Casualty Ins. Co. of Hartford*, 2010 WL 2836172 (M.D.Fla. 2010); *Barnes v. Allstate Insurance Co.*, 2010 WL 5439754 (M.D.Fla.2010); *Lahey v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2029334 (M.D.Fla.2007).

However, as noted in the well-reasoned opinion in *Potts v. Harvey*, 2011 WL 4637132, Case No. 11–80495–CIV–MARRA (S.D.Fla.2011), these cases are devoid of any persuasive statutory interpretational theory or logic for recognizing a "separate and independent claim" exception to the one-year repose bar of § 1446(b) otherwise applicable in diversity cases. Further, this line of authority overlooks the operation and interplay of § 1441(c), which allows removal of "separate and independent"

---

**3.** It is not even clear that accrual of the bad faith claim was suspended up through this point in time. The Florida Supreme Court has not definitively addressed the question of whether the appellate process must be complete before a bad faith claim can ripen, although several Florida mid-appellate courts interpreting *Vest v. Travelers Ins. Co.*, 753 So.2d 1270 (Fla.2000)(determination of existence of liability on part of uninsured tortfeasor and extent of insured's damages are elements of a cause of action against UM carrier

for bad faith failure to settle) and *Blanchard v. State Farm Mutual Automobile Insurance Co.*, 575 So.2d 1289 (Fla.1991)(insured's bad faith claim against uninsured motorist carrier for failing to settle claim in good faith does not accrue before conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits) have answered this question in the affirmative. *See Leitstein v. QBE Ins. Corp.*, 609 F.Supp.2d 1311 (S.D.Fla.2009) and cases cited *infra.*

claims joined with otherwise nonremovable claims *only* where federal question subject matter jurisdiction is implicated by the separate claim.

28 U.S.C. § 1441(c), as amended in 1990, provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

By providing for removal only of those separate and independent claims over which a district court could have exercised original jurisdiction under 28 U.S.C. § 1331, the 1990 amendment effectively divested the judiciary of its power to analyze diversity actions under § 1441(c). *Id.*, citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3722.3, p. 586 (4th ed. 2009). *Accord: Riley v. Ohio Cas. Ins. Co.*, 855 F.Supp.2d 662, 668, 2012 WL 692132 *5 (W.D.Ky., March 2, 2012)(courts employing the separable controversy doctrine as basis for multiple commencement dates in diversity cases have effectively "subverted the very intent of the 1990 amendment that sought to restrict the role of § 1441(c) to lawsuits containing a federal question"); *RK Dixon Co. v. Dealer Marketing Services, Inc.*, 284 F.Supp.2d 1204, 1212 n. 10 (S.D.Iowa 2003)("The 1990 amendment to 28 U.S.C. § 1441(c) made it inapplicable to cases founded on § 1332 diversity jurisdiction."); *Anderson v. Transamerica Specialty Ins. Co.*, 804 F.Supp. 903 (S.D.Tex.1992).

In this case, then, GEICO's effort to invoke the "separate and independent" controversy doctrine as as a basis for invoking federal court jurisdiction in a removal action based purely on diversity of citizenship necessarily fails. As observed by Judge Marra in *Potts*, "[W]hether a bad faith claim is "separate and independent" from an underlying claim in negligence [or contract] is a question that Congress has deemed irrelevant when a party seeks to exercise its statutory right to removal in diversity cases." *Potts* at *2.

## III. Conclusion

Mindful of the precept that the removal statutes should be strictly construed, with all doubts about jurisdiction resolved in favor of remand, *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278 (11th Cir.2006); *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir.2006), it is accordingly now **ORDERED AND ADJUDGED:**

1. The defendant's motion for leave to file supplementary memorandum of law in response to plaintiff's motion for remand [DE# 9] is **GRANTED** and the defendant's supplemental memorandum of law [DE# 9–1] is accepted for filing on this date.

2. The plaintiffs' motion for remand is **GRANTED** on ground that this action was untimely removed under the one-year repose period established by 28 U.S.C. § 1446(b).

3. This court lacks subject matter jurisdiction over this case, which is now **RE-MANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

4. The clerk of the court shall **CLOSE** this case, **DENY** all other pending motions [DE# 4, 8] as **MOOT** and send a certified copy of this order to the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida pursuant to 28 U.S.C. § 1447.